694    SUPREME COURT OF IOWA,

The Cedar Rapids, Iowa Falls & N. W. R'y Co. et al. v. Whelan et al.

THE CEDAR RAPIDS, IOWA. FALLS & N. W. R'Y CO. ET AL. V. WHELAN ET AL.

1. **Railroads:** RIGHT OF WAY: CONDEMNATION OF: CERTIORARI: APPEAL. Where the only complaint made by an owner of land against proceedings condemning a portion of it for right of way purposes for a railroad is that the damages awarded are inadequate, and that the award was made on a day subsequent to that fixed in the notice, he has a plain, speedy and adequate remedy by appeal, and *certiorari* will not lie. Code § 3216.

*Appeal from Emmet Circuit Court.*

FRIDAY, OCTOBER 24.

THE defendant, Whelan, is sheriff, and, as such, at the instance of the Chicago, Milwaukee, and St. Paul R. Co., appointed *six free holders* to assess the damages sustained by owners of real estate in said county for right of way appropriated by said railroad company. The condemnation was made, and the plaintiffs sued out *certiorari*, and had the proceedings removed into the circuit court, on the ground that the sheriff and free holders, acting as a jury, had exceeded their jurisdiction, or otherwise had acted illegally. The relief asked was that the proceedings be set aside and annulled. On motion of defendants, certain portions of the petition were stricken out, and a demurrer thereto sustained. The plaintiffs appeal.

*Soper, Crawford & Carr*, for appellants.

*Geo. E. Clark*, for appellees.

SEEVERS J.—I. The writ of *certiorari* may be granted whenever specially authorized by law, and especially in all cases when an inferior tribunal, board, or officer, exercising judicial functions, is alleged to have exceeded his jurisdiction, or is otherwise acting illegally, when, in the judgment of the

superior court, there is no other plain, speedy and adequate remedy. Code, § 3216.

From the assessment of damages made by a sheriff's jury for right of way purposes, either party may appeal. Code, § 1254. This is a plain, speedy and adequate remedy, when the complaint is that insufficient damages were not assessed. As it is not claimed the land appropriated could not be taken for right of way purposes, and the only substantial complaint is that sufficient damages were not assessed, we are of the opinion that *certiorari* will not lie, for it appears that proper and sufficient notice was given of the proposed appropriation, and the day upon which it (the assessment) would be made, as provided by statute. Jurisdiction was, therefore, obtained, and it makes no difference if thereafter error occurred; or, if the sheriff and jury acted illegally in any respect, the plain, speedy and adequate remedy by appeal is amply sufficient to enable any party to obtain substantial justice; that is, obtain a proper assessment of damages by a constitutional jury on a trial in the circuit court.

Conceding that the sheriff and jury combined, or either singly, was possessed of judicial powers, the fact that the assessment was made on a day subsequent to that fixed in the notice cannot have the effect to oust the jurisdiction which had been lawfully invoked. At most, it was an illegal assessment, which could be readily corrected on appeal.

II. It is claimed that the plaintiffs were deprived of an appeal by the fraud of the sheriff. We have great doubts whether any fraud was committed, but, conceding that there was, and thereby the plaintiffs were deprived of such right, it is quite evident that *certiorari* is not the proper remedy.

AFFIRMED.