F. W. STEBER AND C. H. WARBIS, Appellees, v. CHICAGO, GREAT WESTERN RAILWAY Co., and MASON CITY & FT. DODGE RAILROAD Co., Appellants.

**Pleadings:** MISJOINDER: HOW TAKEN ADVANTAGE OF. Misjoinder of
1 parties or causes of action can only be raised by motion, it cannot be done by demurrer or answer.

**Same.** Where the landowner and his tenant joined in an action
2 for injury to land and crops for certain years, by reason of

an insufficient opening through a railroad grade, to enjoin the nuisance causing it and for a passageway under the tracks of defendant, any objection that there was a misjoinder of parties and causes of action was obviated by an assignment of the tenant's claim to the landlord before trial, a dismissal of the claim for an underground crossing, and judgment for damages only.

**Waters:** NUISANCE: INJUNCTION: INCONSISTENT REMEDIES. A judgment for injury to land and crops for certain years, by reason of flooding the same, and to enjoin the maintenance of an embankment causing the same may be entered in the same action, as the remedies sought are not inconsistent.

**Same:** MEASURE OF DAMAGES. The damage to land by reason of flooding the same is measured by the difference in its value immediately before and immediately after the injury; and depreciation in rental value may be shown as bearing upon the damage suffered by the tenant.

**Same:** CONTRIBUTORY NEGLIGENCE: DAMAGES. The doctrine of contributory negligence has no application to an action for nuisance; and while one seeking damages for the flooding of his land by another cannot recover for any contribution to the injury by his own act, still the fact that plaintiff contributed thereto would not be a complete defense to his action, but would simply go to a reduction of the damages.

*Appeal from Calhoun District Court.*— HON. Z. A. CHURCH, Judge.

THURSDAY, JULY 9, 1908.

SUIT in equity to enjoin a nuisance caused, as is alleged, by the negligent construction of a railway embankment, whereby plaintiff's land was flooded. Damages were also claimed for injuries done the land. By an amendment to the petition plaintiffs sought to have their right to an under crossing through defendants' right of way adjudicated. The damages originally claimed were for the years 1903, 1904, and 1905, and by supplemental petition damages for the year 1906 were also asked. Defendants answered by general denial, and also pleaded misjoinder of parties and causes of action, and some other matters to be

hereafter noted.   The case was tried to the court, resulting in a judgment for plaintiff Steber in the sum of $500, and a decree of permanent injunction against the continuance of the nuisance.   The matters of the underground crossing were dismissed.   Defendants appeal.— *Affirmed.*

*E. C. Stevenson* and *Healy & Healy,* for appellants.

*M. W. Frick,* for appellees.

DEEMER, J.— Plaintiff Steber is the owner of one hundred and seventy acres of land in Calhoun county, Iowa, through which runs defendants' railway.   Warbis was Steber's tenant, occupying the lands from March 1, 1903, to March 1, 1907.   It is claimed that defendants so negligently constructed their roadbed over and through plaintiff's land and along its right of way as to dam the water which naturally flowed from one side of the right of way to the other, as to constitute a nuisance; that both Steber and Warbis were damaged by the overflow of the lands, and that they will continue to suffer in the future unless the nuisance be abated.   Warbis assigned his claim for damages and other rights to Steber, although the action seems to have been brought in the names of both.   In constructing its roadbed defendant built a culvert through its right of way to carry water ·from one part of the farm across the right of way to the other, but it is claimed that this culvert was and is inadequate in size, and insufficient to carry the water; and that even were the culvert sufficient, defendants failed to properly ditch so as to take the water to the culvert.   The damages asked are for the years 1903, 1904, 1905, and 1906, and are claimed as resulting both to the land and to the crops growing thereon.   The claim for an under crossing over the right of way mentioned in the preceding statement is out of the case, because dismissed by the trial court; unless it be proper to be now considered

upon the question of misjoinder of causes of action. There is little doubt under the testimony but that the railway embankment, culvert and ditches were so constructed as to amount to a nuisance, and that both the owner and the tenant suffered damages from the overflow of water; indeed appellants' counsel practically concede it. They rely for a reversal chiefly upon some technical objections. They say in their brief that there was a misjoinder of parties and of causes of action; that plaintiffs, through the construction of tile drains, caused or contributed to the injuries of which they complain, and that plaintiffs are not entitled to both damages and a permanent injunction; that plaintiffs must elect as to their remedies, and, in effect, that the damages allowed are excessive. Warbis, the tenant, is Steber's brother-in-law, and when the action was brought these parties were joined as plaintiffs. During the trial Steber introduced in evidence assignments from Warbis of all claims he held against the defendants. The title of the case was not changed, although it was alleged in an amendment to the petition filed prior to the trial, that Warbis had assigned all his claims to Steber. Defendants, among other things, pleaded in answer that plaintiffs had no right to maintain this action jointly, in that they were not entitled to the same relief, or to any relief whatever.

Defendants sought to raise the issue of misjoinder of parties and causes of action by answer, in which they pleaded these matters as conclusions of law. The rule is that the

1. PLEADINGS: misjoinder: how taken advantage of. only way to reach a misjoinder is by motion, and not by demurrer or by answer. *Citizens' Bank v. Jess,* 127 Iowa, 450; *Mitchell v. McLeod,* 127 Iowa, 733.

Aside from this, however, in view of the assignments by Warbis, the tenant, of all his claims against the defend-

2. SAME. ants to the plaintiff Steber, the trial court may well have treated Steber as the sole plaintiff, although allowing the action to proceed in the name of

both. In that event there was no misjoinder of parties. As to causes of action: The claim to an underground crossing was dismissed, and the judgment was in favor of plaintiff Steber alone for the damages sustained, to wit, $500, and an order for a permanent injunction, or rather for an abatement of the nuisance. Moreover, there was a stipulation filed by the parties May 9, 1908, whereby the claim of misjoinder was withdrawn from the case, both in the lower court and here.

Next it is argued that plaintiff cannot have judgment for a permanent nuisance and an order for the abatement of the same in the same action. This contention seems to be settled adversely to appellants' contention in at least two cases: *Downing v. Oskaloosa,* 86 Iowa, 352; *Harvey v. R. R.,* 129 Iowa, 465. Aside from this, however, and without at this time doing more than cite these cases, it will be observed that plaintiff's cause of action was for damages done his land during certain specific years, and for an abatement of the nuisance in the future. He was not asking damages on the theory that the nuisance was of such a permanent nature as that it could not be abated. But, on the contrary, he took an exactly opposite position. He claimed that it could be abated, and the court so ordered. Not only did plaintiff ask damages for injury done the land, but he held an assignment of his tenant's claim for damages for these specific years, for which he was also allowed damages. We are not to be understood as saying now that one may have full damages for a permanent structure constituting a nuisance, past, present and prospective and also an order for an abatement of the nuisance. Upon that proposition we make no pronouncement at this time. The case was not tried on that theory, and there is no occasion to decide the matter now. As the case is in equity, rulings on evidence are not to be considered, and the only questions to be determined on this appeal in this connection are, did defend-

3. WATERS: nuisance: injunction: inconsistent remedies.

ants build their railway embankment in such a negligent and unskillful manner as to damage plaintiff's land? and is there competent proof of such damages?

That the culvert through the embankment and the construction of ditches leading thereto were inadequate we have no doubt, and the only other matter for determination is, 4. SAME: measure of damages. is there proper proof of plaintiff's damage? Plaintiff under his assignment is entitled to the damages suffered by his tenant as well as his own damages during the years in question. As to the land, the measure is the difference in the value of the premises immediately before the flooding and the value of the same immediately after. *Harvey v. R. R. Co., supra; Drake v. R. R.,* 63 Iowa, 302; *Blunck v. R. R.* (Iowa), 115 N. W. 1013. Some of the damage witnesses based their opinions upon the destruction of the crops by the flooding of the land. There was also testimony as to the depreciation in the rental value of the farm, during the years in controversy, of from 75 cents to $1 per acre. This was introduced to show the damages suffered by the tenant. These damages did not equal the amount allowed by the trial court, but, added to the amount of damages suffered by the fee owner, the amount allowed by the trial court was, under all circumstances, very moderate. Indeed the testimony shows damages to the land alone amounting to considerably more than $500.

Next it is contended that plaintiff Steber, by the construction of tile drains from ponds and low places, contributed to his own injury, and therefore cannot recover. 5. SAME: contributory negligence: damages. The doctrine of contributory negligence does not apply to such cases as this. *Bowman v. Humphrey,* 132 Iowa, 234; *R. R. Co. v. Smith,* 64 Fed. 679 (12 C. C. A. 384, 27 L. R. A. 131). Of course, plaintiff cannot recover damages which he himself caused. But it is no defense for defendants to show that plaintiff contributed to his own injuries. At most such showing would go in reduction of damages, and not as a

complete defense. The testimony does not show that plaintiff did anything with reference to these tile drains which he was not authorized to do. He did not change the flow of the water, and did nothing to augment the floods of which he complains. That defendants are entitled to no reduction of damages on such showing. See *Dorr v. Simmerson,* 127 Iowa, 551; *Hull v. Harker,* 130 Iowa, 190; *Harvey v. R. R. Co., supra.* Even were there an appreciable increase in the natural flow of water by the acts of plaintiff, it is not shown that such increase was sufficient to affect the allowance made by the trial court of damages for the years in question. There was no error in the decree ordering the abatement of the nuisance. This may easily be done by the enlargement of the culvert and the construction of proper ditches. The case, as we have said, was not tried on the théory of allowing damages for a permanent improvement which could not be altered or changed, but distinctly upon the theory that plaintiff was damaged so much each year. Plaintiff does not complain of the order dismissing that part of his petition for an under crossing, hence that matter is out of the case.

The decree seems to be correct, and it is *affirmed.*