SEWER IMPROVEMENT DISTRICT NO. 1 OF WYNNE
v. FISCUS.

Opinion delivered March 26, 1917.

1. SEWERS—BAD ODORS—INJURY TO LAND.—A land owner may recover from a sewer improvement district, damages for a pollution of the air with bad odors, arising from the sewer, and passing over his land.

2. SEWERS—BAD ODORS—POLLUTION OF AIR—MEASURE OF LAND OWNER'S DAMAGE.—The rule controlling the measure of a land owner's damage for the pollution of the air in the vicinity of his land is that he must suffer a direct and substantial injury peculiar to himself and not suffered by the general public.

3. SEWERS—BAD ODORS—FAULTY CONSTRUCTION OF SEWER.—A sewer district will be liable for damages to land owners caused by the emission of bad odors from the sewer system, although the system was constructed in accordance with the engineer's plans.

4. SEWERS—BAD ODORS—DAMAGE TO LAND OWNERS.—Where land is damaged by bad odors arising from a sewer, the damage will be treated as permanent, in the absence of a showing that the sewer system will be remodeled.

Appeal from Cross Circuit Court, First Division; W. J. Driver, Judge; affirmed.

S. W. Ogan, for appellant.

1.    The district was not liable.    There is no evidence to show damage because the tank was placed near appellee's property.    The only injury complained of was due to the sewage that passed and the odor therefrom.    A district is not liable for injuries arising

from defects in the plans adopted. It was not an injury to real estate. The instructions do not state the law. 125 Wisc. 546; 4 A. and E. Ann. Cases, 1086; 63 Wisc. 518; 4 Allen, 41; 118 U. S. 19; 2 Dillon Mun. Corp. (4 ed.), § 1051; 165 Ill. 371. If the injury is due to the wrongful operation of the tank, or the system in general, the appellant is not liable. 113 Ark. 239.

2. The property owners were not entitled to compensation. 103 Cal. 614; 107 Mo. 83; 108 Va. 259; 85 Ga. 138; 186 Ill. 480. In the absence of a physical taking or trespass, appellant is not liable for odors alone. 10 Rul. C. L., § 149.

3. The court erred in instructing the jury. 106 Ark. 111; 57 *Id.* 387; 61 Mo. 359. A district is not liable for injuries not involving an unconstitutional taking of private property, by defects in its plans. 125 Wis. 546; 4 A. and E. Ann. Cas. 1086; 63 Wisc. 518; 4 Allen 41; 118 U. S. 19; 2 Dill. Mun. Corp. (4 ed.), § 1051; 165 Ill. 371. The odor was due solely to a defect in the plans.

4. The property owners are not entitled to compensation. 103 Cal. 614; 107 Mo. 83; 108 Va. 259; 85 Ga. 138; 186 Ill. 480.

In the absence of an actual physical taking or trespass, appellant is not liable for odors alone. 10 R. C. L., § 149. The injury was not permanent. 106 Ark. 111; 61 Mo. 359; 57 Ark. 387.

*Mann & Mann,* for appellees.

The instructions given are in line with the decisions of our court. 45 Ark. 429; 107 *Id.* 442; 155 S. W. 910; 47 L. R. A. (N. S.) 137; Art 2, § 22 Const.

The evidence sustains the allegations of the complaint and the instructions are correct.

HUMPHREYS, J. E. A. Fiscus owned lots 1 and 2 in block 4, and lots 1 and 2 in block 1 in Minnie Mack addition to the city of Wynne, Ark. Thomas Day owned blocks 2 and 3 in the same addition, and Mollie V. Garrett owned lot 12, block 1 in the same addition.

Appellant, under proper authority, constructed a sewer system in the city of Wynne, Arkansas, in accordance with plans and specifications furnished by an engineer, for the purpose of conveying the sewage out of the city. On the east side of the city, the sewage was discharged through a septic tank into a stream. The stream did not flow through or touch appellee's lands. The tank was constructed in the middle of Mulberry street, which ran east and west through the addition in which the property of appellees was located; the property was in the vicinity of the tank but not adjacent thereto. Noxious and offensive odors escaped from the tank and the stream into which the effluent from the tank was deposited. These odors pass onto the lands of appellees and impregnate the atmosphere to such an extent as to greatly impair the lands for residence purposes to which use they were and are adapted.

Appellees brought separate suits in the Cross county circuit court against Sewer Improvement District No. 1 of Wynne and the city of Wynne, seeking to recover damages on account of constructing the sewer system in such manner as to emit noxious odors and pass them over the lands of appellees.

The city of Wynne filed a demurrer which was conceded, and said city passed out of the case.

Appellants filed separate answers denying the material allegations of the complaint and by way of further defense pleaded that the sewage mains and septic tank were constructed according to plans of competent engineers, and if odors escape from the tank and stream it is the fault of defective plans.

The causes were consolidated and tried as one case, resulting in a verdict and judgment in favor of E. A. Fiscus for $315.00; Thomas Day for $225.00, and Mollie V. Garrett for $175.00.

The proper proceedings were had and an appeal embracing the three cases in one has been lodged in this court.

(1)  The controlling issue presented by this appeal is whether or not there must be a physical invasion or spoliation of one's lands before he can maintain an action for damages for taking private property for public use without compensation.  Our Constitution provides that private property shall not be taken, appropriated or damaged without just compensation to the owner. Appellant strenuously insists that the placing of a septic tank in the near vicinity of one's land from which noxious odors emanate and pass onto the land is not an injury to real estate within the meaning of section 22, art. 2 of the Constitution of Arkansas.  In the cases of *McLaughlin* v. *City of Hope*, 107 Ark. 442, and *City of Eldorado* v. *Scruggs*, 113 Ark. 239, this court held that the turning of sewage into, and polluting a stream which flowed across the lands of a property owner to his injury, was within this constitutional provision and actionable.  The reason assigned was that the lower riparian owner had a right to have the water uncontaminated by sewage, and such right was a real tangible property right which could not be appropriated without just compensation.

It is just as important to the owner of land to have unpolluted air as uncontaminated water.  "The right to pure air is property, and to interfere with the right for public use is to take property."  Lewis Eminent Domain, vol. 1, 3rd ed., sec. 236.

In the same section, Mr. Lewis uses some vigorous language in emphasizing the property right to air free from "artificial impurities."  His language is so apt the writer is constrained to quote the following sentences:  "The impregnation of the atmosphere with noxious mixtures that pass over my land is an invasion of a natural right, a right incident to the land itself, and essential to its beneficial enjoyment.  My right to pure air is the same as my right to pure water.  It is an incident to the land and necessary to and a part of it, and it is as sacred as my right to the land itself."  The text is amply supported by authority.

(2)     In arriving at the damage and the amount thereof to property in this class of cases, some just limitation or rule must be enunciated.     We think the rule announced in *Czarnecki* v. *Bolen-Darnell Coal Company*, 91 Ark. 58, should be applied.     The substance of the rule is that the property owner must suffer a direct, substantial injury peculiar to himself and not suffered by the general public.     In the instant case, the injuries were direct, substantial and peculiarly affected the lands in question.

(3)     The evidence in this case tends to show that the noxious odors, escaping from the tank and stream into which the effluent passed, were caused by defective plans.     C. B. Bailey, an engineer, testified that two dosage chambers should have been installed when the tank was constructed; that had some artificial chemical action been installed it would have entirely eliminated the odors.

The evidence further shows that the system was constructed upon the whole in accordance with the plans.     In the case of the *City of Eldorado* v. *Scruggs*, *supra*, it was held that the sewer district was responsible for damages resulting to the property owner on account of construction of the system in accordance with the plans.

It is unnecessary to discuss the instructions, given and refused by the court, more than to say that the instructions given were in accord with the law announced in this opinion and limited the recovery to damages incident to the defective construction; and that the instructions refused were based on the theory that damage resulting to the property owner on account of noxious odors was not a damage within the meaning of section 22, article 2 of the Constitution of Arkansas.

(4)     It is further insisted that the injury resulting from defective construction is not a permanent injury. The placing of the tank and the general manner of construction of this system was in keeping with the plans, and so far as this record disclosed, is a permanent structure.     There is no evidence tending to show that the

sewer district intends to, or will, remodel the system. Damage must necessarily result to this property by reason of the construction of the septic tank in accordance with defective plans, and by reason of the close proximity of the property to the tank. The decrease of the market value of the land on this account is not speculative and conjectural, but can be reasonably ascertained and definitely estimated. The facts in the case bring it well within the test laid down in the case of *C. R. I. & P. Ry. Co.* v. *Humphreys*, 107 Ark. 330, and the cases cited therein.

The judgment is affirmed.