FREDERICK LEROY BURGESS et al., Appellees, v. BREMER
COUNTY, Appellant.

EMINENT DOMAIN: Answer on Appeal. No answer is necessary
1 on appeal from an award of damages in eminent domain pro-
ceedings.

DAMAGES: Unquestioned Trial Theory. A trial theory of dam-
2 ages to which no objections were in any wise interposed in the
trial court will not be reviewed on appeal.

WITNESSES: Competency—Review on Appeal. Record held in-
3 sufficient to justify a reversal because of the rejection of testi-
mony bearing on damages, on the ground that the witness
was not competent.

*Appeal from Butler District Court.*—M. F. EDWARDS, Judge.

JULY 6, 1920.

DEFENDANT appeals from a judgment for damages for
the relocation of a public highway.—*Affirmed.*

*W. H. Wehrmacher,* County Attorney, and *E. A. Daw-
son,* for appellant.

*Hurd, Lenehan, Smith & O'Connor* and *C. G. Burling,*
for appellees.

STEVENS, J.—Appellant's record in this case comes to us
in almost total disregard of the rules. We have, with diffi-
culty, sorted out what appear to be the principal rulings of
the court complained of. Other matters discussed are not so
presented as to permit consideration thereof. The proceed-
ings for the relocation of the highway were instituted upon
the recommendation of the county engineer, under Sections

1527-r1 *et seq.,* Supplemental Supplement to the Code, 1915. The highway, as originally established, ran on the west side of and parallel with the right of way of the Illinois Central Railway Company, and the relocation, which was for the purpose of getting it away from the encroachment of a stream, transferred it to the opposite side of said right of way. Damages were claimed for both the vacation and the relocation of the highway. Upon this question see *Yonota v. Modrachek,* 189 Iowa 538.

1. EMINENT DOMAIN: answer on appeal.

I. After the trial had begun, defendant filed an answer, for the apparent purpose of presenting counsel's theory of the measure of damages. This answer was, upon motion, stricken by the court. While it contained some irrelevant and immaterial matter in no wise prejudicial to plaintiff, it might well have been permitted to stand. No pleading was necessary, however, and certainly appellant was not prejudiced by the ruling of the court. *Mason v. Iowa Cent. R. Co.,* 131 Iowa 468; *Simons v. Mason City & F. D. R. Co.,* 128 Iowa 139. The only question involved upon an appeal from the action of the board of supervisors is the amount of damages, if any, to which the claimant is entitled. *Pollard v. Dickinson County,* 71 Iowa 438; *Dugan v. Dugan,* 129 Iowa 241.

2. DAMAGES: unquestioned trial theory.

II. The court instructed the jury that, in estimating damages, benefits accruing to plaintiff, by reason of the relocation of the highway, could not be considered, and also that, in weighing the testimony upon the question of value, the jurors might use and be guided by their own judgment, and that the verdict must be based upon the evidence and in accordance with the instructions. Instructions similar in form and of identical import were sustained by this court in *Neddermeyer v. Crawford County,* 190 Iowa —. The instruction defining the measure of damages was not, apparently, drawn with special reference to Section 1527-r3 of the Supplemental Supplement, 1915, which provides:

"That if by the change of any road herein contemplated,

any part of the highway abandoned reverts to the owner of the land condemned, then and in that case the owner, by reason of the relocation of such highway, shall be entitled to such damages for the locating of such new highway which exceeds the damages sustained by reason of the old highway, taking into consideration the value of the premises immediately before and after such old road is abandoned and the new road established."

What the court, in fact, told the jury was that plaintiff was entitled to recover the difference, if any, between the fair market value of the whole farm immediately before and its fair market value immediately after the change, without taking into consideration any benefits or advantages to plaintiff, either by reason of the vacation of the old or the relocation of the new highway. No attempt was made by either party to bring the testimony as to damages within the apparent rule of the statute. This was doubtless due, upon the part of counsel for defendant, to a misinterpretation of the effect of the ruling of the court upon the motion to strike its answer and upon the admission of evidence. The measure of damages fixed by Section 1527-r3 of the Supplemental Supplement does not go to the question of benefits accruing to the owner of the land by reason of the changed location of a highway upon his land, as that term is applied in the decisions of this court in condemnation proceedings. No motion was made on behalf of defendant for a directed verdict upon the ground that no proper measure of damages was shown, nor was the question raised by a request for an instruction presenting appellant's theory of the statute. Furthermore, the point is not preserved by proper exception in the court below, nor is it presented in substantial compliance with the rules governing procedure in this court.

III. The court permitted one Cunningham, a witness for defendant, to testify as to the market value of plaintiff's land before and after the establishment of the highway, without taking into consideration any advantages

3. WITNESSES: competency: review on appeal.

that may have accrued on account of the change in the highway, which it later struck from the record, on motion of counsel, upon the ground that the competency of the witness had not been shown. The witness was apparently familiar with the land in question, and competent to give an opinion on the subject; but his answers to the preliminary questions tended to disqualify, rather than to qualify him as such witness. Other testimony was offered upon this point, and, while the court, in the exercise of its discretion, might properly have permitted the testimony to remain in the record, we do not think its exclusion calls for a reversal of the judgment below.

IV. Some contention is made by counsel for appellant that the verdict is excessive; but it is not claimed that it is the result of passion or prejudice on the part of the jury, and the amount arrived at is well within the limits fixed by the plaintiff's witnesses. Furthermore, the question is not properly presented in this court. As we find no reversible error in the record, the judgment of the court below is—*Affirmed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.