JOHN YONOTA et al., Appellants, v. FRANK MODRACHEK et al., Appellees.

HIGHWAYS:  Damages Consequent on Vacation—Appeal.  No appeal lies from the disallowance by the board of supervisors of claims consequent on the vacation of the highway.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

JULY 6, 1920.

ON July 21, 1915, John Gladfelter and three others filed their petition to the board of supervisors of Cedar County, praying that "a road commencing at a point 80 rods and 20 feet south of the northwest corner of Section 21, Township 80 north, Range 3 west of the 5th P. M., and running thence south on the section line between Sections 21 and 20 until it intersects Cedar River, be vacated."  The commissioner appointed by the county auditor reported in favor of the vacation of the highway, on March 21, 1918, and on April 8th following, John Yonota, Jr., filed a claim for damages consequent on said vacation, and, three days later, John

Yonota filed a like claim for $1,000 damages. Thereupon, appraisers were appointed, as provided by Section 1499 of the Code, and later reported that no damages would result from the vacation proposed. Objections to said vacation had been filed May 4, 1918, for that "said road is the only road reaching the said river for many miles, and the same is the only highway that is laid out reaching lands of John Yonota lying on the said river, and is the only highway that is available for John Yonota, Jr., who owns 5 acres of land lying east of the said highway about 40 rods." On June 2d following, the board of supervisors entered an order denying the claims for damages, and vacating the road. Thereupon, an appeal to the district court was effected. That court sustained a motion to dismiss such appeal, on the ground that no appeal may be taken from an order by the board of supervisors denying damages on vacation of a highway. From this order John Yonota and John Yonota, Jr., appeal.—*Affirmed.*

*C. J. Lynch,* for appellants.

*J. C. France,* for appellees.

LADD, J.—The only issue raised on this appeal is whether a claimant for damages consequent on the vacation of a highway by the board of supervisors may appeal from its order denying allowance thereof, to the district court. The case is ruled by *Grove v. Allen,* 92 Iowa 519. That decision was based on *Brady v. Shinkle,* 40 Iowa 576, holding that damages were not allowable for vacation of a highway by the board of supervisors. It is said that this and like cases were overruled by *McCann v. Clarke County,* 149 Iowa 13, and it is so said in that opinion. Such was not the effect of that decision. The reasoning on which *Brady v. Shinkle* and like cases rest, was disapproved in holding that recovery of damages peculiar to the complainant's property, and not shared by the public generally, may be recovered. But that was an action instituted in the

district court, and not brought there by appeal from an order by the board of supervisors, and therefore the right to appeal therefrom was not involved. Nor was this inquiry touched in *Heery v. Roberts,* 186 Iowa 61. An examination of the statutes relative to the establishment, alteration, and vacation of highways leads to the conclusion that there is neither provision for the filing of a claim for damages consequent upon the vacation of a highway or for an appeal from the order of the board of supervisors vacating the same. Section 1493 of the Code provides that:

"If the commissioner's report is in favor of the establishment, alteration or vacation of the road, it shall show the number of bridges required, and the probable cost thereof; and the auditor shall appoint a day, not less than sixty nor more than ninety days from such time, when the petition and report will be acted upon, on or before which day all objections to the establishment, alteration or vacation of the road, and all claims for damages by reason of its establishment or alteration, must be filed in the auditor's office."

Note that objections to the vacation of the road may be filed, but only claims for damages by reason of establishment or alteration! The following section directs the auditor to fix a day for hearing, and the next section thereafter prescribes the notice thereof to be given, requiring, among other things, that "all objections thereto, or claims for damages must be filed," on or before a designated date. Section 1499 of the Code provides for the appointment of "three disinterested electors of the county as appraisers, to assess the amount of damages any claimants may sustain by reason of the establishment or alteration of such road." Note that no provision appears for the appraisement of damages consequent from vacation of a highway. Section 1501 of the Code reads:

"When the time for final action arrives, the board may hear testimony, receive petitions for and remonstrances against the establishment, vacation or alteration, as the case may be, of such road, and may establish, vacate or

alter, or refuse to do so, as in their judgment, founded on the testimony, the public good may require. Said board may increase or diminish the damages allowed by the appraisers, and may make such establishment, vacation or alteration conditioned upon the payment, in whole or in part, of the damages awarded, or expenses in relation thereto."

As the appraisers were not authorized to allow damages, these might not be increased or diminished by the board of supervisors, and the last clause cannot well be construed as authorizing the allowance of damages consequent on the vacation of a road. A highway might be vacated in part or wholly, and another established or altered in the same order entered by the board, and payment of damages consequent on alteration or establishment would be required as a condition precedent to the order's being effective. This conclusion is confirmed by Code Section 1513, which reads:

"Any applicant for damages caused by the establishment or alteration of any road may appeal from the final decision of the board to the district court of the county in which the land lies, notice of which appeal must be served on the county auditor within twenty days after the decision is made. If the road has been established or altered on condition that the petitioners therefor pay the damages, such notice shall be served on the four persons first named in the petition, if there be that many residing in the county, in the manner in which an original notice may be served."

Only applicants "for damages caused by the establishment or alteration of any road" are authorized to appeal, and, as plainly appears, claims for damages caused otherwise than by the establishment or alteration may not be filed. Evidently, the statutes referred to proceed on the theory of *Brady v. Shinkle*, supra, that injury distinct and apart from that suffered by the public generally is not caused by the vacation of a highway. Whether damages may be recovered by claimants in an independent action, as was sought in *McCann v. Clarke County*, supra, we express

no opinion. What we do say, is that the statutes do not authorize the filing of a claim for damages consequent on the vacation of a highway with the county, or, if filed, the allowance for such damages by the board of supervisors, or, if not allowed, appeal therefrom to the district court.— *Affirmed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.