[No. 18587. Department Two. September 24, 1924.]

LONGVIEW, PORTLAND & NORTHERN RAILWAY COMPANY, *Appellant*, v. L. W. OLSON *et al.*, *Respondents*.[1]

EMINENT DOMAIN (91)—COMPENSATION—EXCESSIVE VERDICT—REVIEW. An award of $5,000 as compensation for a railroad right of way, cutting the main body of a farm from the river and county road, will not be set aside as excessive, where the jury viewed the premises and there is nothing to indicate passion or prejudice.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered October 17, 1923, upon the verdict of a jury awarding damages in condemnation proceedings for a railroad right of way. Affirmed.

[1]Reported in 228 Pac. 699.

*Fisk & McCarthy* and *C. E. Lombardi,* for appellant.

*Chester A. Sheppard* and *A. H. Imus,* for respondents.

PER CURIAM.—The appellant, Longview, Portland & Northern Railway Company, is engaged in constructing a railroad from the town of Longview to the town of Olequa, both in Cowlitz county. The route of the railroad, for a part of its distance, extends along the west bank of the Cowlitz river. The respondents, Olson, own a tract of farm land fronting upon the river. The proposed railroad extends across this land for a distance of 959.5 feet, cutting the main body of the land off from the river, and from the county road extending along its banks, and will take some 3.30 acres thereof. The trial court, after entering a decree of public use and necessity, called a jury to ascertain the just compensation to be paid for the land required to be taken, and the damages to the remainder. On the trial of these issues, the jury returned a verdict for the respondents in the sum of $5,000, and for this sum the usual decree was entered.

The railway company appeals, making the sole contention that the damages awarded are excessive. The award does seem large, but we find nothing in the record which warrants setting it aside. The jury viewed the premises, they were correctly instructed by the court as to the elements of damage to be considered, and their award was well below the lowest estimate made by the respondents' witnesses. There is nothing to indicate passion or prejudice on the part of the jury, and hence nothing to indicate that the award was not the result of their well-considered judgment.

In cases of this sort the award is peculiarly within the province of the jury. By the provisions of the state

constitution (Art. 1, § 16) the just compensation to be paid for private property taken or damaged for a public use is to be ascertained by a jury, unless a jury be waived, and the courts may not substitute their judgment for the judgment of the jury on the question, unless the owner submits it for the court's determination. The court will, as matter of course, set a verdict aside where it is the result of the consideration of wrongful and erroneous elements of damage, or is so oppressive as to manifest passion and prejudice. But where the trial is fair, the verdict is within the evidence of either side, has met with the approval of the trial judge, and the only objection to it is that it is too large, the appellate courts are slow to interfere therewith.

In the instant case, while we would have been better satisfied with the verdict had it been for a lesser amount, we see no cause that warrants interference with it on our part.

Affirmed.