C. T. LONGSTREET et al., Appellees, v. TOWN OF SHARON, Appellant.

IN RE APPLICATION OF C. T. LONGSTREET.

**EMINENT DOMAIN: Proceedings to Condemn—Joint Application by**
1 **Different Owners.** A joint application by several parties for the condemnation of property for a public purpose when part of the property is owned jointly by the parties and part is owned solely by one of the parties is unobjectionable when the municipality seeking the condemnation fails, on appeal, to attack the joinder.

**EMINENT DOMAIN: Compensation—Excessive Award—Review.** An
2 award of damages in condemnation proceedings will not be disturbed on appeal from the trial court unless such award is so extravagant as to be wholly unfair and unreasonable.

Headnote 1:  20 C. J. p. 1026.  Headnote 2:  20 C. J. p. 1116.

*Appeal from Mahaska District Court.*—CHARLES A. DEWEY, Judge.

OCTOBER 20, 1925.

CONDEMNATION proceedings were instituted before the sheriff of Mahaska County. From the award there made, appeal was taken to the district court, where the matters were tried to a jury. From the judgment entered on the finding of the jury, this appeal is taken.—*Affirmed.*

*John McCutchen* and *Jo R. Jaques,* for appellant.

*McCoy & McCoy,* for appellees.

ALBERT, J.—In the year 1921, the town of Sharon was constructing a sewerage system and disposal plant. It had not acquired the land for the disposal plant or for the outlet therefor.

1. EMINENT DOMAIN: proceedings to condemn: joint application by different owners.

Appellees herein, Longstreet and Jones, owned certain land, a part of which was to be crossed by the main sewer leading to the disposal plant, and the other part of which was to be crossed by the outlet leading from the disposal plant.

The condemnation proceedings instituted before the sheriff seem to be regular in all respects, and due and timely notice was served on the town. The sheriff's jury awarded a lump sum of $10,000 to the appellees; and on appeal to the district court, the damage to the two pieces of land hereinafter described was severed, and $500 was allowed on the 10-acre tract, and $2,300 was allowed on the 38-acre tract.

It appears from the evidence that Charles T. Longstreet was the owner in fee of the 10-acre tract, and that the record title to the 38-acre tract was in Lacel Jones, who was the father-in-law of Longstreet. It further appears that there was a written contract between Jones and his children, one of whom was Mrs. Longstreet. By the terms of the contract Lacel Jones divided his property between his two children, made deeds to the same,—one of which conveyed the 38 acres to Mrs. Longstreet,—and provided further that, inasmuch as said land was covered by a $4,000 mortgage, Mrs. Longstreet was to pay $1,000 thereon, and both children were to build a room on the house for the use of the father. Each child was to pay $100 per year during Jones's lifetime, and they were to pay the expenses of his

last sickness and burial.  Possession of the property was given at once, and the children were to pay all interest and taxes thereon from the date of the execution of the contract, hence. The contract was signed on the 7th of September, 1918, by the father and his two children.  Under written instructions to the depository, the deed was to be delivered at his death.

It is apparent under this contract that, while the record title to the 38 acres was in Lacel Jones, in equity Mrs. Longstreet had an interest therein.  If she had an equity, of course her husband also had an interest.  The summation of this matter is that as to the 38 acres Longstreet and his wife and Jones had an interest therein.  This gives rise to what the appellant designates as the main error relied on for reversal: to wit, that there is no authority, under the statute or in law, for the parties to file a joint proceeding in condemnation when one of the tracts of land involved is owned by one of the parties individually.

This proceeding, having been instituted prior to the time the 1924 Code was effective, must be governed by the Code of 1897 and supplements thereto.

Sections 795 and 848 of the Code of 1897 and Sections 880 and 881 of the Supplemental Supplement, 1915, confer power on cities and towns to construct sewerage and disposal plants, and provide that proceedings for condemnation shall be in accordance with the provisions relating to the taking of private property for works of internal improvement, except that the jurors shall have the additional qualification of being freeholders of the city or town.  This makes Section 1999 of the Code of 1897 applicable, the material part of which is as follows:

"If the owner of any real estate necessary to be taken for either of the purposes mentioned in this chapter refuses to grant the right of way or other necessary interest in said real estate required for such purposes, or if the owner and the corporation cannot agree upon the compensation to be paid for the same, the sheriff of the county in which such real estate may be situated shall, upon written application of either party, appoint six freeholders of said county * * * who shall inspect said real estate, and assess the damages which said owner will sustain by the appropriation of his land * * *"

Section 2000 provides for the giving of ten days' notice in

writing to the other party, of the day and the hour when such commissioners will view the premises, which shall be served in the same manner as original notices.

The record in the case shows that these statutes were complied with, and application was made and notice served as therein specified. This undoubtedly gave jurisdiction, and we have so held in *Carlile v. Des Moines & K. C. R. Co.*, 99 Iowa 345; *Hartley v. Keokuk & N. W. R. Co.*, 85 Iowa 455; *Cedar Rapids, I. F. & N. W. R. Co. v. Whelan*, 64 Iowa 694; *Security Sav. Bank v. Carroll*, 131 Iowa 605. We therefore start this discussion with the proposition settled that whether or not these parties were properly joined as plaintiff is not a jurisdictional question. The appellant practically concedes this in its argument, but still insists that the case should have been dismissed in the district court because of the misjoinder of parties plaintiff.

After this case reached the district court, in August, 1923, appellant filed an answer. Later, in March, 1924, it filed an amendment to its answer, and this is the first time that anything is said by appellant about the misjoinder. Even at that late date it did not file a motion to strike any cause of action improperly joined with others. Section 3547 of the Code of 1897 provides:

"The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others."

Section 3548 provides:

"All objections to the misjoinder of causes of action shall be waived, unless made as provided in the last preceding section."

As heretofore noted, the appellant did not, before answer, file a motion of severance or to strike out the cause not properly joined. Aside from these provisions of the statute, this has ever been the rule of practice in this state. *Lull v. Anamosa Nat. Bank*, 110 Iowa 537; *Steber v. Chicago, G. W. R. Co.*, 139 Iowa 153; *Campbell v. Spears*, 120 Iowa 670.

In the face of these statutes and this line of decisions, we cannot be expected to hold with the appellant on this matter. Counsel makes quite persuasive argument as to why the damages

should not have been assessed in a lump sum for both tracts of land, yet the argument loses much force in view of the fact that the district court directed, and the jury found, the damage to each piece of land separately; so that we are unable to see where appellant was harmed. More than this, this court is committed to the doctrine that the only appealable issue in matters of this kind is from the award of damages. *Witham v. Union County,* 198 Iowa 359; *Burgess v. Bremer County,* 189 Iowa 168, and cases therein cited.

Appellant complains that Instructions 5, 6, 7, and 8 asked by it were refused by the court; but because the matters involved in these instructions were fully covered by those given by the court, we give no attention to them. Certain evidence of several witnesses tendered by defendant was objected to, and the objection was sustained.

We have gone over this record in the light of the errors assigned, and find that the ruling of the lower court was correct, except in certain instances, but in those instances the matters were wholly immaterial, and would be of no weight in determining any of the issues involved.

It is further urged that the verdicts are excessive. A condemnation case is one in which the amount allowed is peculiarly within the province of the jury; and unless the same be shown

2. EMINENT DO-MAIN: compensation: excessive award: review.

to be so extravagant as to be wholly unfair and unreasonable, this court has repeatedly refused to interfere with the verdict of the jury. Such is the rule in the other states. *Kosters v. Sioux County,* 195 Iowa 214; *Bracken v. City of Albia,* 194 Iowa 596; *Darst v. Fort Dodge, D. M. & S. R. Co.,* 194 Iowa 1145, and cases therein cited. Also see *Longview, P. & N. R. Co. v. Olson,* 131 Wash. 4 (228 Pac. 699); *Sewer Imp. Dist. v. Fiscus,* 128 Ark. 250 (193 S. W. 521); *Haggard v. Independent Sch. Dist.,* 113 Iowa 486; *Kukkuk v. City of Des Moines,* 193 Iowa 444; *Bennett v. City of Marion,* 106 Iowa 628.

We have given attention to all contentions made by the appellant herein, and find nothing that would warrant our reversing the judgment entered in the lower court.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.