J. W. CORY, Appellee, v. STATE OF IOWA et al., Appellants.

No. 41271.

APRIL 5, 1932.

John Fletcher, Maxwell A. O'Brien, and Bedell & Bedell, for appellants.

H. E. Narey and Cory & Sackett, for appellee.

EVANS, J.—The following sketch or plat will aid the description of the *locus quo*:

The appellee is the owner of a farm of 166 acres, located upon primary road #71. This road runs north from Spencer to Spirit Lake. About three miles south of Spirit Lake the farm of the appellee is located. Prior to the institution of this condemnation proceeding, primary road #71, as it abuts upon the appellee's premises, was a gravel road 66 feet wide. It bisected the appellee's farm so as to leave 46 acres to the west thereof, and 120 acres on the east. The length of the road from the south line to the north line of plaintiff's farm was one-half mile. With a view to paving this section of road, the Highway Commission, appellant herein, determined to widen the same. Pursuant to such purpose it took, by condemnation, a strip of ground from the west side of the 120-acre tract. This additional strip of ground varies in width from 27.94 feet at the south line

of the farm, to 230.79 feet at the north line of the farm. The buildings upon the farm of appellee are located near the north line of the 46-acre tract. In explanation of the four vertical lines upon the plat it may be stated briefly: The left line represents the west side of the gravel highway before the condemnation; the second line represents the line of gravel improvement upon the original road; the third line represents the east side of the original highway, and the west line of the additional strip; the fourth line represents the easterly side of the additional strip. No part of the original highway was vacated. The additional area appropriated by the condemnation from the plaintiff's farm is 7.74 acres. The sheriff's jury awarded the appellee the sum of $1850.00 as damages. The jury in the district court awarded a verdict of $4592.50. The appellant unsuccessfully assailed the verdict as excessive, by motion in the district court. The ultimate grievance of the appellant, as presented in its appeal, is the size of the verdict. It is contended that the same was the result of passion and prejudice on the part of the jury. Specific errors are assigned as having tended to mislead the jury. These errors are directed in the main against the instructions of the trial court. Before considering the size of the alleged excessive verdict, we shall first consider the more important specific errors assigned.

I. Complaint is first made that the trial court unduly restricted the cross-examination of the plaintiff's witnesses in that it sustained objections to certain questions put on cross-examination to the witness J. W. Cory, Jr., son of the plaintiff. In the cross-examination of this witness the following occurred:

"Q. The driveway was constructed there from your buildings across the road, at the place you designated, that is, where you asked for it to be constructed?

"Mr. Narey: We move to strike out 'that is where you asked for it to be constructed,' as assuming something not in evidence, and not cross-examination, and immaterial and incompetent. (Motion sustained. Defendants except.)

"Q. Well, didn't you write to the engineer and tell him that is where you wanted the driveway constructed?

"Mr. Narey: Same objections. (Objections sustained. Defendants except.)"

The subject of the foregoing interrogation was not germane to the direct examination of this witness. He had not testified on the subject inquired about; nor does the record disclose any complaint or dissatisfaction by the plaintiff with the location of the driveway. The most that the appellant-claims at this point is that the fact, if proven, would tend to allay any feeling of prejudice or suspicion in the minds of the jury that the Highway Commission or its engineer was arbitrary in conduct toward the plaintiff. The record discloses no claim on the part of the plaintiff, or. suggestion by his witnesses, of any wrongful or arbitrary conduct on the part of the Commission. Its right to take the strip of ground by condemnation was at all times conceded throughout the trial. The only grievance asserted by the plaintiff was that the damages awarded by the sheriff's jury were inadequate. There was no error therefore in the ruling.

II. The defendant presented to the court requested instruction #6, as follows:

"On arriving at the damages, if any, which the plaintiff has sustained in this cause, you are instructed not to consider the cost of building additional fences along such new highway and the maintenance or keeping the same in repair."

This assignment of error is closely associated with assignment #5, which challenges instruction #8, given by the court on its own motion. This instruction was as follows:

"In fixing the reasonable market value of plaintiff's farm immediately after the condemnation for road purposes you will consider the farm as it then existed with the land condemned taken out, and in determining its value you may consider the loss of the land taken, the shape of the fields, the inconvenience of access from one part of the farm to another, the destruction of fences, the necessity of moving or building new fences, if you believe that such fences should be built or constructed, and all other things, if any, shown by the evidence which have a bearing on the value of the land, after condemnation. You are not to allow damages for inconveniences as such but you should consider them only as bearing upon the *market value* of the property."

This latter instruction, if correct, was an adequate response

to the request for instruction #6. We need inquire only whether instruction #8 given by the court was erroneous in the respects contended. The argument of the appellant is that instruction #8 in effect permitted the jury to consider the cost of fences and "other things, if any" as a part of the plaintiff's damages; whereas requested instruction #6, offered by the defendant, cautioned the jury against that very course. Appellant misconceives the fair purport of instruction #8. It did not direct or permit the jury to add anything to the measure of damages to be allowed the plaintiff, as properly defined in instruction #3. Instruction #8 did permit the jury in fixing upon the *market value* of plaintiff's farm after the appropriation to consider "inconveniences," if any, and the necessity of "fences," if any. These were proper considerations for such purpose. True, their ultimate effect would presumptively bear upon the amount of damages, but such effect could be attained only as it operated upon the diminished market value of the farm. Dean v. State, 211 Iowa 143; Welton v. Iowa State Highway Commission, 211 Iowa 625. In short, they were not proper elements of *damage,* but were proper elements to be considered in determining the *market value* of the farm in its condition after the appropriation.

 III. Complaint is made of the refusal of the court to give instruction #7, requested by the defendant. This instruction directed the jury as to the proper measure of damages to the same effect as did instruction #3 given by the court. The requested instruction was somewhat more elaborate; the instruction given was more concise. They were in complete harmony. The appellant construes the instruction given by the court to the effect that it permitted the jury to consider the damages to the separate parts of his farm. We find in the instruction given, nothing to support such interpretation. It is true that the instruction given by the court did not emphasize this feature of singleness as did the instruction requested by the appellant. We find nothing in the record to justify such an emphasis. The court's instructions did refer to the plaintiff's farm as a single unit and required the jury to find its comparative values accordingly. This was quite enough.

 IV. The appellant complains of instruction #1, wherein the court stated the issues to the jury. The pleadings con-

sisted of a purported petition filed by the plaintiff and an answer thereto. In this petition the plaintiff claimed he had been damaged to the amount of $8000 by the appropriation. The complaint of the appellant is that the court stated to the jury that such was the plaintiff's claim. In another instruction the court admonished the jury that in the allowance of damages they should not exceed the amount of $8000, as claimed. The argument is that this constituted an intimation from the court that a verdict of $8000 would meet the approval of the court. It is perhaps true that the mind of a juror is very responsive to suggestions from the court; and perhaps equally true that it is not so responsive as the professional mind often suspects. The instruction, as given, was not erroneous, though we are disposed to the view that in cases claiming unliquidated damages, the plaintiff is not entitled, as a matter of right, to have the amount of his claim, often exaggerated, stated to the jury, and that an omission of the statement of such amount from the instructions would be quite appropriate. In this case the jury was evidently not affected, in that the verdict did not approach the amount thus named. There was no error here.

V. Was the verdict so large as to indicate passion and prejudice? The function of this court in such a case is not to review the evidence and determine therefrom the amount which we think would have been a proper award. In order to justify our interference with the verdict on the ground of its being excessive, we must find that the jury abused its functions upon the record. The witnesses on behalf of the plaintiff fixed the value of the farm immediately before the appropriation generally at $150.00 per acre, and its value immediately thereafter at $110.00. Those for the defendant fixed the prior value in the main at $125.00, and the after value at $10.00, or $15.00 less. Such in a general way was the range of difference between the opposing witnesses. The jury split the difference between them. Splitting differences is not highly commendable as a performance of the function of a jury, but it can not be said that it is evidence of passion and prejudice. It may be conceded that the verdict was liberal, and that it was more so than a court without a jury would have awarded. But this is not the criterion which determines the length of arm of the appellate court. The district court has more, rather than less, discretion than we, to interfere

with the verdict of a jury. The verdict comes to us as the finding of the jury, which has been approved by the trial court. Proper grounds of interference on our part, with a verdict as being excessive, have been considered and announced many times in our previous cases, and we need not repeat the discussion here. Longstreet v. Town of Sharon; 200 Iowa 723; Kosters v. Sioux County, 195 Iowa 214; Bracken v. City of Albia, 194 Iowa 596; Darst v. Fort Dodge, D. M. & S. R. Co., 194 Iowa 1145. The market value of a farm is a matter of approximation at best. Its determination involves personal opinions and psychological factors which may not be measured with mathematical accuracy. Different persons, exercising their judgment honestly, may vary greatly in the respective results. Where competent and disinterested persons are brought together as a jury, and in the light of all the facts as presented by the litigants put their varying opinions and psychologies into the debate and finally agree upon a result, it must ordinarily be deemed the best approximation available to human judgment.

 One of the inconveniences most stressed by appellee upon the jury was the excessive width of the highway by reason of the additional strip. The paving was laid upon the center line of the new strip appropriated. None of it was laid upon any part of the original highway. The travelled road was therefore farther removed from the plaintiff's gate than was the gravelled road on the original highway. The plaintiff's buildings and yards and wells and troughs were all on the west side of the road. The tillable land was all on the other side. In order to avail himself of the rough feed resulting from the crops on the east side of the road, the plaintiff must needs turn his stock into the stubble after harvest, and into the cornfields after husking time. This involved a crossing of the highway and of the traffic thereon. To get the stock across the highway would require the personal attention of one or more herders. The process would need to be repeated two or more times daily. The risk of collision with automobiles would be greatly increased by the increased width of the road. True, the paving was a narrow strip of only 18 feet, and all that a prudent animal would need to do to be secure, would be to avoid the paved strip. But cows are not prudent. They sometimes walk into danger more stubbornly than they avoid it. A slow-moving animal and an on-coming

230

automobile do not always co-ordinate in the direction of the safety of either. The mere presence of a herd upon any part of the highway creates an imminent danger of collision upon the pavement itself. Such danger may not be eliminated except by removal of the animals from the entire area of the highway and the closing of the gate against them. Where the road covers a wide area rather than a narrow one, the task is increased accordingly. Such a situation was proper for the consideration of the jury as a circumstance tending to diminish the market value of the farm. It opens up a rather indefinite field of varying opinion as to its effect upon market value, and likewise creates a psychological factor the effect of which upon market value may not be accurately measured. The reasons here indicated are sufficient illustration of the obstacles that confront the appellant in an attempt to obtain a reversal on the ground of the passion and prejudice of the jury as reflected in the size of this verdict.

The judgment below is accordingly—Affirmed.

WAGNER, C. J., and KINDIG, STEVENS, MORLING, and FAVILLE, JJ., concur.

DE GRAFF, ALBERT, and GRIMM, JJ., think the damages excessive and dissent.