CURT CAMPBELL et al., Appellees, v. IOWA STATE HIGHWAY COMMISSION et al., Appellants.

No. 43331.

SEPTEMBER 29, 1936.

REHEARING DENIED JANUARY 15, 1937.

C. E. Walters, Asst. Attorney General, D. Myron Tripp, and M. R. Hammer, Jr., for appellants.

Korf & Korf and Cross & Hamill, for appellees.

PARSONS, C. J.—This is an appeal from the finding of a jury appointed in a State Highway condemnation case to assess the damages to a tract of land in Jasper county, the entire tract containing 310 acres and being all of the West half of section 18, township 81, north, range 21 west, except the north ten acres thereof. The amount of land taken for the right of way is 15.71 acres. The south line of this highway No. 88 starts about 8 rods north of the southwest corner of the tract, and leaves the tract about 1 rod north of the northeast corner of the south quarter, thus leaving about 90 acres of the tract south and east of the south side of the highway, and the balance of the tract north and west of the north line of the highway. The land is rolling and rough, and no part has been cultivated for about twenty years, and perhaps at the best, not over sixty acres could be cultivated profitably. It is entirely devoted to pasturage, and is all covered with blue grass except here and there small bare patches. It has on it quite a number of scrub oak trees; it has draws through it, many and deep, and it has a creek running through it, Mud Creek, which crosses the tract diagonally, entering near the northwest corner and leaving the tract at the southeast corner.

It appears in the evidence that this tract was purchased by the owner in September 1933 for $6,500, on time, and the record discloses that condemnation proceedings were instituted June 1, 1934, and the condemnation jury provided by the statutes, fixed the damages June 16, 1934, the amount not then being shown. An appeal was taken to the district court by the highway commission, and after trial thereof damages were allowed by the jury amounting to $4,680. Exceptions to instructions and a motion for new trial were overruled, and an appeal taken by the highway commission to this court.

The motion for new trial raises the question as to whether or not the verdict was excessive and the result of passion and prejudice. The district court overruled the motion to set aside the verdict, and the highway commission has appealed.

The result of the verdict, if allowed to stand, shows that the plaintiff made quite a profit on this land deal. He purchased for $6,500 the entire tract of 310 acres, and that on time. The condemnation took place nine months thereafter, and then appeal was taken to the district court and the jury returned a verdict of $4,680, so the balance of the land, 294 acres and a fraction, stands the purchaser the difference between $4,680 and $6,500 paid nine months before the condemnation, or $1,820. The purchase price was $20.97 per acre. The owner, after the right of way was taken out, has 294 and a fraction acres left, so he has sold to the State 15.71 acres at $291 per acre, and the balance now stands him $6.00 per acre. At this rate, if the State had taken a few acres more it would have been compelled to pay the full purchase price of the land, and some over, and the owner would have over 280 acres for nothing.

Section 18 of Article I, which is in the Bill of Rights of the Constitution of the State, is as follows:

"Eminent domain. Sec. 18. Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken."

It may be, and perhaps has often been contended, that courts have no control over verdicts in cases arising under the exercise of the power of eminent domain. Such contention is erroneous. Wherever the word "jury" is used it means a jury as known at common law, a jury of a court, not a so-called condemnation jury or anything of that sort, but a jury such as is used at the trial of ordinary lawsuits. This being true, it logically follows that courts have the same control over verdicts in cases arising under the exercise of the powers of eminent domain as in other cases.

In Cables v. Bristol Water Co., 86 Conn. 223, 225, 84 Atl. 928, 929, the court says:

"The supervision which a trial judge has over a verdict is an essential part of the jury system."

In that case the trial court set aside a verdict as being excessive. The only question raised in the appellate court was as

to whether or not the judge had abused his discretion, and the appellate court held that he had not. This was in an "eminent domain" case, and the court speaking of it says: " 'Trial by jury', in the primary and usual sense of the term at the common law and in the American Constitutions, is not merely a trial by a jury of 12 men before an officer vested with authority to cause them to be summoned and impanelled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict, but it is a trial by a jury of 12 men, in the presence and under the supervision of a judge empowered to instruct them on the law and to advise them on the facts, and, except on an acquittal of a criminal charge, to set aside their verdict, if in his opinion it is against the law or the evidence."

The provision in the constitution that the damages shall be assessed by a jury, is a subject the courts and textbook writers have had something to say about. Nichols—Eminent Domain, (1st Ed.) Sec. 305 says:

"In those States in which the Constitution requires a jury, it is the jury as known at common law that is intended; a trial by twelve men who must all agree on a verdict, and presided over by a judicial officer empowered to instruct them on the law, and to set aside the verdict, if, in his opinion, it is against the law or the evidence. The Legislature cannot provide that a majority of the jury decide on the damages, except in a State where it had been the practice in condemnation proceedings for many years before the Constitution was adopted."

Our state recognizes the rule, that where the verdict is inadequate or where it is excessive, or where it is the result of passion and prejudice, the verdict of the jury may be set aside. Cory v. State, 214 Iowa 222, 242 N. W. 100; Longstreet v. Town of Sharon, 200 Iowa 723, 727, 205 N. W. 343, 344. The latter case says:

"It is further urged that the verdicts are excessive. A condemnation case is one in which the amount allowed is peculiarly within the province of the jury; and unless the same be shown to be so extravagant as to be wholly unfair and unreasonable, this court has repeatedly refused to interfere with the verdict of the jury." Citing Kosters v. Sioux County, 195 Iowa 214, 191

548

N. W. 993; Bracken v. City of Albia, 194 Iowa 596, 189 N. W. 972; Darst v. Ft. Dodge, D. M. & S. R. Co., 194 Iowa 1145, 191 N. W. 288, and cases therein cited. Also see Longview et al., v. Olson, 131 Wash. 4, 228 Pac. 699; Sewer Imp. Dist. v. Fiscus, 128 Ark. 250, 193 S. W. 521, L. R. A. 1917D, 682; Haggard v. Ind. School Dist., 113 Iowa 486, 85 N. W. 777; Kukkuk v. City of Des Moines, 193 Iowa 444, 187 N. W. 209; Bennett v. City of Marion, 106 Iowa 628, 76 N. W. 844.

This court has had something to say on this question in Jenkins v. State Highway Commission, 208 Iowa 620, 622, 224 N. W. 66, 67. There was a verdict of $20,000 damages, and the state highway commission appealed. In conclusion the court said: "The award of $20,000 on the record before us is, in the opinion of the court, grossly excessive, and can only be explained as being the result of passion and prejudice, for which a new trial should have been granted."

In this case we think the award is grossly excessive, that it can only be the result of passion and prejudice, and therefore, for these reasons, the ruling of the court below is reversed.— Reversed.

ALBERT, KINTZINGER, DONEGAN, HAMILTON, RICHARDS, STIGER, and MITCHELL, JJ., concur.