## GEAR v. THE C. C. & D. R. COMPANY.

1. **Railroads**: OBSTRUCTION OF HIGHWAY: DAMAGES. The obstruction of the public highway should not be considered in the estimation of the damages to which the owner of adjacent land is entitled for the appropriation of right of way by a railway company.

2. ——: ——. If a railway company lays its track upon the highway, it becomes bound to the public that the highway shall be put in as good repair as it was before, and for a failure to do this it may be indicted.

*Appeal from Jackson Circuit Court.*

WEDNESDAY, APRIL 19.

PLAINTIFFS are the owners of a tract of about 530 acres of land bordering on the Mississippi River for a distance of about three-fourths of a mile, upon which land and along the margin of the river the right of way of defendant's railroad is located. The defendant, under the provisions of Chapter 55, Revision of 1860, proceeded to condemn 100 feet for right of way. From the assessment of the commissioners plaintiffs appealed to the Circuit Court, where a trial by jury was had, resulting in a verdict and judgment for plaintiffs for $3,000, and defendant appeals.

*S. P. Adams* and *D. A. Wynkoop*, for appellant.

*Graham & Cady* and *W. E. Leffingwell*, for appellees.

ROTHROCK, J.—At the time of the trial in the Circuit Court the defendant's railroad was constructed and in operation over the premises in question, and there was evidence introduced by the plaintiffs, tending to show that a large portion of the damages claimed consisted in the total obstruction of a certain traveled road by the building of the railroad along, and upon the same. Some of the witnesses fixed the damages by reason of the obstruction of the traveled road at a large amount. There was also evidence tending to show that said traveled road was a public highway.

The defendant asked the court to instruct the jury as follows: "If you find from the evidence that the road leading from the Gear ferry past the warehouse to the Tete des Morts creek was surveyed, laid out and established by the authorities of Dubuque county, the obstruction of the same by the railroad company in the construction of its railroad cannot be recovered for in this proceeding;" which the court refused to give as asked, but modified the same, by adding the following: "but if said road was located upon plaintiffs' premises such obstruction may be taken into consideration in determining the depreciated value of said premises caused by the construction of defendant's road," and gave the same as modified.

To which refusal to give the instruction as asked, and to the modification of the same, and to the giving of the same as modified, the defendant at the time excepted.

Sec. 1321, Rev. of 1860, under which these proceedings were had, provides that, "Any railroad corporation may raise or lower any turnpike, plank road, or other way, for the purpose of having their railroad pass over or under the same; and in such cases said corporation shall put such turnpike, plank road, or other way, as soon as may be, in as good repair and condition as before such alteration."

In the case of *Milburn v. The City of Cedar Rapids*, 12 Iowa, 246, it was held that in the sense of the statute the words "over" and "upon" are synonymous, and include the idea of crossing highways on the surface thereof, and also running upon them lengthwise.

Section 1326, Revision of 1860, being part of the same act as the section above quoted, provides that every railroad corporation shall be liable for all damages sustained by any person in consequence of any neglect of the provisions of this act.

The obligation resting upon the defendant is, to put the public road in as good repair and condition as it was before the railroad was built, and for failure so to do, it is liable, in a proper case made, for all damages sustained by any person. And further, the continuance of an obstruction in the public

highway is a nuisance which may be abated in the proper proceeding.

We are of opinion that the obstruction of a public road is not a proper element of compensation to the owner of the property in this proceeding. The railroad company should be liable in just such damages as would naturally and fairly result from a careful and proper construction of the road according to law. If, in this case, the plaintiff should receive compensation for the total obstruction of the road, the defendant would be paying for something to which it would have no right. It would still be liable to indictment for a nuisance, and, possibly, to civil actions brought by private persons for damages, as provided by law.

When a railroad company lays its track upon a public highway, it undertakes, at its peril, by some means, to put the public highway in as good condition for travel as before. For its neglect to do this it may be indicted, and, if necessary to protect the public in the use of the highway, the obstruction may, by a proper order, be abated, even if the result be the destruction of the railroad at the point where it obstructs the public travel. This being its obligation, it would be manifestly unjust and inequitable to assess damages for the obstruction of a highway for all time, when the company may, at any time, be required to remove the obstruction, or furnish a new highway. "The owner is to be compensated for the damage he may sustain by the appropriation of his land for the use of the railroad corporation, and not for the negligent acts or the like, committed after such appropriation." *King v. The Iowa Midland R. R.*, 34 Iowa, 458.

We have examined the authorities cited by counsel for appellees, and, without discussing them here, we are of opinion that they have no proper application to this case.

There were a number of other instructions asked by defendant, embodying the same idea as that above quoted, and which were modified by the court in like manner. The modification of these instructions we hold to be erroneous. The instructions, as modified, in substance are, that while plaintiffs could not recover for the *obstruction* of a highway, yet they could

recover for the *effect* of such obstruction, which we understand to mean the same thing.

REVERSED.

ADAMS, J., having been of counsel in this case, took no part in its determination.