IDA B. FORREST et al., Appellees, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Appellant.

No. 42894.

June 21, 1935.

Rehearing Denied October 25, 1935.

William A. Hunt, for appellant.

Jaques, Tisdale & Jaques, for appellees.

480

RICHARDS, J.—In this action at law, plaintiffs allege that the defendant issued a certificate insuring the life of Thomas A. Bell, and claiming that the certificate was in full force at the time of his death, seek to recover the amount of the certificate as beneficiaries therein named. The defendant filed an answer containing a general denial and alleging that the decedent, Bell, had permitted the certificate set out in plaintiff's petition to lapse for nonpayment of dues and by reason thereof the certificate was of no force or effect at the time of the death of Bell. There was a trial, a verdict for plaintiff, and judgment thereon against defendant, from which it appeals.

■■■ Appellant first assigns that the court erred in sustaining plaintiff's motion to withdraw from the jury defendant's Exhibit D-2, claimed by defendant to be a carbon copy of a letter written and mailed on April 27, 1932, to decedent Bell by Evan J. Morris, defendant's then state manager for the state of Illinois. The purpose of the offer of this exhibit was to prove that the decedent had knowledge of the contents of the letter of which the exhibit was a copy. Because of the probability that the officers of the government will perform their duties in the transmission and delivery of mail, this court has held that it will be presumed that a communication intrusted to the mails, in such manner that these duties are imposed on the officers of the government, will reach its destination. Watson v. Richardson, 110 Iowa 673, 80 N. W. 407. But to avail one's self of the presumption mentioned it is essential that it first be established, as a matter of fact, that all things have been done and accomplished that are a necessary part of imposing on the government officers and employees the duty of transmitting and delivering the letter. These things, the doing of which must be proven, are set out in Central Trust Co. v. City of Des Moines, 205 Iowa 742, loc. cit. 746, 218 N. W. 580, 582, in following language:

"In order to raise a presumption of delivery of a paper through the mail, there must be: (1) The necessary evidence of the contents and execution of the paper; (2) evidence that it was inclosed in a wrapper or otherwise prepared for transmission through the mail; (3) evidence of the correct post office address of the person to be charged with receiving it; (4) evidence that the package containing the document was properly addressed; (5) evidence that postage was prepaid; and (6) evi-

dence that it was deposited in the mail for transmission.'' See, also, Watson v. Richardson, supra.

The plaintiff's motion to withdraw this exhibit was grounded on the proposition that the defendant had not established by proper and sufficient evidence these things which are prerequisites to the presumption that the mail reached its destination. A review of the testimony leads us to the conclusion that the defendant failed in the respect claimed by plaintiff in his motion, and that the court did not err. The only evidence regarding the ultimate facts constituting the elements of transmission by mail of the letter to decedent was the testimony of Evan J. Morris. He stated he had personal knowledge of signing the letter, and that Exhibit D-2 is a true copy thereof. Cross-examination revealed that he was without any personal knowledge as to whether the letter was later inclosed in an envelope or wrapper for transmission in the mail, and as to whether any envelope or wrapper containing the letter was properly addressed to Bell, and as to whether any stamp was affixed to prepay the postage, and as to whether such letter or wrapper enclosing the letter was deposited in the mails for transmission. The witness says he depends on the accuracy of his secretary in the regular routine of his office in saying that these things, of which he admittedly had no personal knowledge, were done and accomplished. In his statement last mentioned it is quite apparent that the witness attempted to testify to what were his own conclusions. His conclusions are based on what he may have known concerning the office routine. If defendant was attempting to show the essential facts constituting transmission by mail by showing the course of business, it failed because there is no evidence in the record as to what this office routine may have been. It may also be added that appellant has not pointed out, nor have we found in the record, any evidence establishing what was the correct post office address of Bell, the person sought to be charged with receiving the letter at such address, if indeed he had a post office address. Nor do we find any evidence that the purported letter was directed to such address. Defendant did not establish the essential facts on which to base the presumption that the decedent received the letter.

In the second and third assignments, appellant urges that the court erred in instructions 1, 4, and 5 because the court

merely copied the allegations of plaintiff's petition in their entirety and called the attention of the jury to allegations which were not sustained by the evidence, thereby giving emphasis to plaintiff's allegations to which plaintiff was not entitled, and because the instructions were improper, and confusing, and misled the jury. We find the instructions mentioned, in stating the issues, do contain verbatim and somewhat extended excerpts from the pleadings. But a careful examination of the instructions does not convince us of any reversible error in so doing, in this case, because the portions of the pleadings copied into the instructions were concise and clear statements of the issues, free from anything of an inflammatory nature. The instructions which followed clearly defined the issues to be considered by the jury. See McDonald v. Robinson, 207 Iowa 1293, 224 N. W. 820, 62 A. L. R. 1419. The nature of the excerpts from the pleadings is such we cannot see that defendant was prejudiced by the failure of the court to state in other language the portions of the instructions to which exceptions are taken, nor do we find that there was anything confusing in the nature of these instructions, saving, however, one matter in the statement of the issues discussed in the following division of this opinion.

■■■ In the fourth assignment, appellant predicates error upon the court's including in instruction 1, the following: "That no notice was served upon Thomas A. Bell of any lapse of said policy." This portion of the instruction is a part of the statement by the court of the matters constituting plaintiff's cause of action. Appellant contends that this statement concerned irrelevant and immaterial matter. Appellant also contends that no notice was required to be given by defendant to plaintiff in order to bring about a lapse of the policy, if assessments were not paid, all of which may be conceded. So it is conceivable that confusion of the jury, or a misconception by them of the terms of the policy, could have arisen from this challenged portion of the court's statement of the issues. That is, from this statement, without more, the jury might possibly have obtained an impression that a duty rested on defendant to serve on Bell a notice of the lapsing of the policy in order to render the policy ineffective upon nonpayment of assessments. Whether the case should be reversed on account of the erroneous inclusion of the challenged statement depends on whether it resulted in prejudice to the defendant. In Evans v. Council Bluffs, 187 Iowa 369, loc. cit. 375,

174 N. W. 238, 240, an action for damages for personal injuries, the court, in stating the issues, included a description of several injuries to parts of plaintiff's anatomy set out in plaintiff's petition, but to sustain which there was no evidence. This court, after disapproving the instruction, said:

"* * * yet, as the court in other instructions limited the jury to the consideration of such matters only as the plaintiff had offered evidence tending to support, we cannot reverse on account of this method of instructing the jury."

In Lange v. Bedell, 203 Iowa 1194, loc. cit. 1202, 212 N. W. 354, 358, it was recognized that an error in statement of the issues may be cured later in the instructions, when the court said:

"The mere statement of the allegations of the pleadings to the jury does not operate as a submission of a question to the jury. The law by which the jury must be governed is always stated following the recital of the allegations of the pleadings."

On the other hand, when it appears to have been prejudicial this court has not hesitated to reverse on account of erroneous statement of the issues. In the case we have before us, bearing on the question of the prejudicial character of the instruction, there nowhere appears in the charge to the jury any suggestion of any necessity of a notice of a lapse of the policy, aside from the challenged portion, and there is found in a subsequent portion of the charge an instruction that is clear and succinct, charging the jury that if they found that the insured failed to make the payments required of him by the contract of insurance, and by the constitution and by-laws of defendant association, and was so delinquent at the time of his death, then the certificate was null and void, and no recovery can be had thereon in this action. This instruction defining the result of a default on part of the insured was so explicit that we have come to the conclusion that the jury was not misled or confused by the statement as to the contents of the pleadings, and that the case should not be reversed on this error.

The fifth assignment of error complains of instruction 9, wherein the court instructed the jury with reference to that part of the policy providing that if the assessments required of the insured are not paid to the financial secretary of

his camp, as required by the constitution and by-laws of the association, the policy shall be null and void. The court instructed the jury that this provision was intended for the purpose of enabling those insured to know with certainty what officer of the company or camp had authority to receive their payments, and is not a limitation upon the defendant's right to collect and receive payment through other persons or officers authorized by the defendant to receive same, and that, if the jury finds that Evan J. Morris had authority to receive such payments, and if they find that the payments were made to him, then such payments would have the same binding effect on defendant as if made to the financial secretary of the camp. This instruction was pertinent only to defendant's contention that the policy had lapsed on account of nonpayment of assessments. Plaintiff's evidence tended to prove that the assessments, alleged by defendant to have been in default, had been paid to one Evan J. Morris. Defendant admits Morris was at the time defendant's state manager for the state of Illinois. Defendant contended on account of the terms of the policy relative to the payment of dues to the camp financial secretary that a payment to Morris would be ineffectual as a payment. The answer to appellant's contention is found in the interrogatories attached to plaintiff's petition, to be answered by defendant. One of these required defendant to answer whether Evan J. Morris had authority to accept payments on the policy or certificate sued on in this case. The defendant answered, ''He did.'' Thus the fact of the authority of Morris to receive from Bell payments of assessments became a verity. If then the assessments were paid to Morris as defendant's representative, they were paid to defendant, and the contention of defendant that plaintiff had not paid and was in default would be groundless, and the defendant could not have been prejudiced by the instruction (pertaining as it does to the question of Bell's default, which beyond doubt was not a default, though he paid the assessments to Morris).

▮▮▮ In the sixth assignment, defendant alleges the court erred in instruction 10. The court instructed the jury that if they find from the preponderance of the evidence that Bell, or Ida B. Forrest for him, made payment to Evan J. Morris, as agent, for the defendant company, and at the time directed that the payment should be applied on dues and assessments un-

der the policy in suit, then Morris did not thereafter have the right to apply said payment on any other·indebtedness. Appellant objects that this instruction is not a correct statement of the law, but has offered nothing that sustains such view, and we find no error in the instruction of which the foregoing is a part. Appellant also argues in support of this assignment certain deductions it claims should be drawn from the evidence and the situation of the parties. This was a matter for the jury, and does not go to the correctness of the instruction.

 Appellant assigns as error the giving of instruction 11, which was as follows:

"If you find from the preponderance of the evidence that on or about the 25th day of April, 1932, that Thomas A. Bell, or his sister, Ida B. Forrest, for said Thomas A. Bell, paid to Evan J. Morris a sum of money sufficient to cover and take care of all payments matured and maturing under said certificate R-244996-B before and up to the first day of June, 1932, and that he stated to said Evan J. Morris at the time of making such payment that it was in payment of dues and assessments; and further find that said Evan J. Morris was an officer of defendant company and had authority to receive such payments, that would constitute payment of such assessments to the defendant. And if you further find that the defendant, with knowledge of the facts, has ever since kept and retained such payments without returning or offering to return them to the insured, then you should find the defendant has waived the other provisions of its certificate, constitution and by-laws concerning re-instatement of said certificate, and that said certificate was in force at the death of said Thomas A. Bell on June 14, 1932."

Appellant's contention is that the instruction was not a correct statement of law as applicable to the facts shown by the evidence, and that, in view of the contract between the parties, there was nothing shown in the testimony that would constitute a waiver binding on the defendant, under the law and the facts. The policy made defendant's constitution and by-laws a part thereof. Section 63 of the constitution and by-laws, pleaded by defendant, first provides that the certificate of insurance shall become void if the insured fails to pay the assessment for any month before the end of such month, and

then provides "such person, if in good health, may thereafter make a new contract with the association upon the same terms and conditions, by complying strictly with the provisions of these laws contained in sections 65, 66 and 67." The portion in quotation marks was also pleaded by plaintiff. So the pleadings settle that a contract existed between the parties for a possible reinstatement of the policy and the insurance. The constitution and by-laws were offered in evidence, but their contents are not shown in the abstract of the record. The result is that we cannot ascertain what provisions of sections 65, 66, and 67 were to be complied with by Bell as a part of his alleged reinstatement. We assume from appellant's argument that the provisions of sections 65 to 67 as to reinstatement are those referred to in the instructions as having been waived in the event the jury should find certain facts. We have before us the evidence constituting, as plaintiffs claim, a waiver of the provisions of section 65 to 67, and the district court in addition had before it these provisions themselves. In that state of the record the court gave instruction 11. But this court, having only a portion of the necessary record before it, cannot determine whether the character of these requirements of section 65 to 67 were such that the instruction was correct or otherwise, nor whether these requirements were of such a character that the instruction, if erroneous, was prejudicial.

The eighth and ninth errors relied on by appellant urge that the court erred in overruling defendant's motions for directed verdict as to each of the many grounds. On account of the omnibus character, we cannot consider these assignments, but we believe the foregoing covers the matters to which appellant directs its arguments.—Affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, PARSONS, MITCHELL, and HAMILTON, JJ., concur.