EMIL DANKER, appellee, v. IOWA POWER & LIGHT COMPANY, appellant.

No. 49341.

(Reported in 86 N.W.2d 835)

DECEMBER 17, 1957.

Ross, Johnson, Northrop, Stuart & Tinley, of Council Bluffs, and Gamble, Read, Howland, Gamble & Riepe, of Des Moines, by B. A. Webster, Jr., for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

OLIVER, J.—Plaintiff owns and operates a 240-acre grain and livestock farm in Pottawattamie County. Defendant instituted

proceedings to condemn a right of way and easement for an electric transmission line across part of that farm. The easement covers a strip of land one hundred feet wide. The line itself consists of three transmission wires carrying 161,000 volts of electricity and two static wires. These wires overhang two portions of plaintiff's land, totaling approximately 850 feet in length. The area of a strip of land 850 feet by 100 feet would be approximately two acres. One two-pole structure was constructed on plaintiff's land. The poles are about 18 inches in diameter at their bases, are 14 feet apart and are placed at an angle to the northeast which is not in line with the sides of the field.

The condemnation commission appraised plaintiff's damages at $350. Upon appeal to district court plaintiff claimed $3600 damages and the jury awarded $1680. From the award, the orders of the trial court in connection therewith and the judgment for costs, defendant prosecutes this appeal.

I. Several witnesses testified for each side. Plaintiff's witnesses expressed the opinion the value of the farm immediately before the condemnation was $275 per acre, and immediately after the taking was $260 per acre. This would fix the total damage to the 240-acre farm at $3600.

Two witnesses for defendant fixed the value before and after at $250 and $249 per acre respectively, or a total damage of $240. The other witness for defendant fixed the value at $250 per acre, both before and after. In other words his testimony was that the farm was not damaged by taking a part of it.

■ Based upon the testimony of this witness, defendant requested an instruction that if the jury found there was no substantial or appreciable difference in the value of the farm before and after the taking it would be justified in awarding nominal damages, such as one dollar, ten dollars or as much as one hundred dollars. Error is assigned to the refusal of the court to so instruct.

■ The court was correct in refusing the requested instruction. In the boldface summary, 25 C. J. S., Damages, section 8, it is stated: "Nominal damages are given, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right, or as a basis for taxing costs; and are not the same as damages small in amount."

330

Under the provisions of the Fifth Amendment to the Constitution of the United States and Article I, section 18, of the Constitution of Iowa, damages for taking private property for public use necessarily are compensatory in nature. Furthermore it is, at least, questionable whether damages in the amount of $100 could properly be considered "nominal" under the circumstances of this case.

■ Defendant contends the refusal of the requested instruction was prejudicial to it. An answer to this contention is the finding by the jury of $1680 damages. From this it is evident the jury was satisfied the damages were substantial and that the instruction, if given, would not have furnished a basis for reducing them.

■ II. As provided by section 472.22, Code of Iowa, 1954, plaintiff pleaded specifically the various items of damage claimed and the amount thereof. One such item pleaded was: Interference and inconvenience caused by the construction of said transmission line and obstruction caused thereby to spraying operations—$1000. During the trial defendant moved to strike this item on the ground there was no evidence of the amount of such damage. The court struck the reference to $1000 damages, only. Instruction No. 1 which listed the elements of damage claimed by plaintiff included this item (not including the $1000 figure). Defendant objected to this instruction on the same ground as in its motion to strike.

On appeal defendant contends the language used referred to damages caused to plaintiff's lands and crops by the construction work itself rather than the damages caused by the line as constructed, and, under Code section 489.16, such damages were not allowable in the original condemnation proceeding. This proposition is based upon a questionable interpretation of the pleaded language and was not raised in the trial court.

Moreover, the mere reference to it in Instruction No. 1 as an element pleaded by plaintiff would not constitute reversible error under the circumstances here present. In Instruction No. 9 the jury was told it should not consider damages which might have been caused by the construction of the transmission line in 1956. Instruction No. 10 cautioned the jury not to take into consideration any damages to the lands, crops, or fences which might have

occurred during the construction of this line, or which might occur in the future in its maintenance, as these must be assessed in separate proceedings. Instruction No. 11 advised the jury in substance not to attempt to separate the various items and award a specific sum for each, but to consider all matters shown as between a willing purchaser and seller and base its judgment on the fair and reasonable market value of the whole farm. The instructions considered together demonstrate that the jury could not have been misled by the reference in Instruction No. 1 to plaintiff's claim. Forrest v. Sovereign Camp, Woodmen of the World, 220 Iowa 478, 482, 483, 261 N.W. 802, 804, 805.

III. Error is assigned to the refusal of the trial court to require the jury to answer the following interrogatories submitted by defendant under R. C. P. 206:

"Interrogatory No. 1. What was the fair cash market value of plaintiff's farm on February 23, 1956, before the taking of the transmission line easement thereover?

"Interrogatory No. 2. What was the fair cash market value of plaintiff's farm on February 23, 1956, immediately after the taking of the transmission line easement and with the farm subject to such easement?"

The ruling was correct. Instruction No. 6 provided, correctly, that the verdict of the jury be based upon the difference in the value of the 240-acre farm before and after the taking. The $1680 finding by the jury amounts to a difference of $7 per acre. No witness testified to values which would result in this figure, and the $1680 figure was necessarily based upon the testimony and estimates of witnesses for each side. Under the record one juror may have determined the values per acre before and after the taking were, let us say, $267 and $260 respectively, another juror may have decided such values were $257 and $250. Such values were not ultimate questions of fact to be determined or agreed upon by the jury. Nor was it necessary that any of the twelve jurors agree with any other juror as to such values. The only agreement required was as to the difference, before and after. As pointed out by the trial court the answers to the interrogatories would not have assisted in the clarification of the verdict, and might have resulted in confusion.

■ The reasoning in Ipsen v. Ruess, 241 Iowa 730, 738, 739, 41 N.W.2d 658, 664, is here applicable. That decision quotes with approval the following: " 'To require unanimity not only in their conclusions but in the mode by which those conclusions are arrived at would in most cases involve an impossibility. To require unanimity, therefore, not only in the result but also in each of the successive steps leading to such result, would be practically destructive of the entire system of jury trials.' "

■ IV. Defendant contends the court should have sustained its motion for new trial on the ground the award of $1680 was grossly excessive. Approximately two acres of plaintiff's farm were subjected to the right of way and easement for the electric transmission line. However, much of the testimony in support of the opinions that the damages totaled $3600 has reference to the two-pole structure on plaintiff's land. There is evidence it was located in such place and at such an angle as to materially interfere with the operation, in that immediate vicinity, of various power machines used by plaintiff in planting, growing and gathering his crops and with the growth of the crops and draining of the land. Witnesses testified also that the turning around the structure on the same ground by the various machines packs the soil, damages crops and eventually results in ditches and hollows in the land. Weeds around the poles must be cut by hand. With crops grown in rows the structure makes it necessary to have point rows in the vicinity.

The amount of damages is, of course, for the jury, under the evidence. It cannot be said the award is without substantial support in the record. The trial court which saw and heard the witnesses concluded the verdict should not be disturbed. After careful consideration we have come to the conclusion it should not be set aside on this ground.

■ V. The trial court, after a contested hearing, allowed plaintiff's counsel a fee of $900, taxed to defendant as a part of the costs, under Code section 472.33. Defendant contends this amount is excessive. The record of the testimony of the member of the firm of attorneys who conducted the trial and of another lawyer supports the allowance. The court had presided at the

trial. No good reason appears for disturbing the allowance. See Wilson v. Fleming, 239 Iowa 718, 736, 737, 31 N.W.2d 393, 402, 403.

The judgment is affirmed.—Affirmed.

HAYS, C. J., and BLISS, WENNERSTRUM, GARFIELD, SMITH, LARSON, and THOMPSON, JJ., concur.

PETERSON, J., takes no part.