FAY C. HOSTERT et al., appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 49524.

(Reported in 93 N.W.2d 773)

254

DECEMBER 16, 1958.

Norman A. Erbe, Attorney General, C. J. Lyman, Special Assistant Attorney General, James E. Thomson, General Counsel, of Ames, and John C. Oberhausen, of Dubuque, for Iowa State Highway Commission, appellant.

O'Connor, Thomas, McDermott & Wright, of Dubuque, for appellees.

OLIVER, J.—Defendant, Iowa State Highway Commission, condemned, for highway purposes, a strip of land 8.84 acres in area across plaintiffs' two-hundred-acre dairy farm in Dubuque County. Plaintiffs-landowners appealed to district court from

the appraisement of damages returned by the condemnation commissioners. Trial resulted in an allowance of damages in the amount of $19,103 and judgment against defendant for costs. Defendant has appealed.

I. Appellant complains the award was excessive and, in the light of the record, was indicative of passion and prejudice on the part of the jury.

This was a well-improved and equipped two-hundred-acre dairy farm. The buildings and farmyard occupy eleven acres on the north part of the farm. The buildings consist of (1) the main barn for dairy stock, called the loafing barn, 80 feet in diameter, (2) a barn used as a farrowing house for hogs, 45 feet in diameter, (3) a grain elevator and corncrib, with electric elevator, (4) machine shed No. 1, (5) machine shed No. 2, 20 x 60, with basement hog house, (6) two small chicken houses, (7) three-car garage, (8) modern nine-room farmhouse. The milk house and milking parlor, attached to the main barn, is a very modern installation which can milk four cows simultaneously and 55 cows in one hour, with refrigerated milk tanks and equipment. The total cost of this installation was more than $10,000.

The farm is gently rolling. There was evidence it was considered one of the finest farms in Dubuque County. Appellees operated it on a five-year crop rotation basis consisting of (1) grass for hay, (2) alfalfa for pasture, (3) and (4) corn, and (5) oats. They had 101 dairy cattle on the farm, of which 53 were being milked at the time of the condemnation. Their yields of corn and oats were high and they raised about 250 hogs per year.

The condemned right of way varies from 286 feet to 326 feet in width, is one-fourth mile in length and has an area of 8.84 acres. The right of way runs through the rolling land and part of the highway is in a cut. It splits the south 41 acres off the farm. This part of the farm is left without access to the barns, water tanks, etc., all of which are situated on the north 150 acres, except by travel across the surface of the highway which is not practicable for dairy cattle and other livestock. The condemnation proceedings included also the right of the

Commission to limit access to the highway right of way to a frontage road along the property.

There were expert valuation witnesses for each side. Appellees' witnesses, respectively, estimated the value of the farm before the taking at $70,000, $80,000 and $78,000. Appellant's witnesses fixed such valuation at $72,400, $60,000, $76,000, $65,000 and $76,000. The value after the taking was estimated by appellees' witnesses at $47,750, $59,210 and $57,300 and by appellant's witnesses at $60,800, $47,000, $66,500, $53,000 and $65,200.

■ The trial jury by answers to interrogatories, propounded at the request of appellant, fixed the value before the taking at $77,000 and after the taking at $57,897. Interrogatories of this kind are disapproved because they require the jurors to agree, not only in their conclusions, but also in the method by which they arrive at those conclusions. Danker v. Iowa Power & Light Co., 249 Iowa 327, 331, 86 N.W.2d 835, 838, 839.

The amount of the damages fixed by the jury, $19,103, was well supported by evidence and does not seem unreasonable. The trial court which saw and heard the witnesses concluded the verdict should not be disturbed. We find no merit in the contention it was so excessive as to indicate passion and prejudice or entitle appellant to a new trial. Korf v. Fleming, 239 Iowa 501, 522, 523, 32 N.W.2d 85, 3 A. L. R.2d 270, and citations; Wilson v. Fleming, 239 Iowa 718, 723 to 725, 31 N.W.2d 393, and citations; Danker v. Iowa Power & Light Co., 249 Iowa 327, 332, 333, 86 N.W.2d 835, 839.

■ II. Appellee Fay C. Hostert testified the virtual inaccessibility of the south part of the farm would require the relocation of fences in the north part, to divide that part of the cultivated land into five fields of the same size, if the five-year crop and field rotation system is continued. (There was no attempt to show the cost of such fences.) Appellant complains that, over its objections, the witness was then permitted to state where, in his opinion, such partition fences would be located. It is argued by appellant that one prospective purchaser might be interested in the farm as a corn and hog farm or for raising crops and feeding cattle, that another might be a dairy farmer who would not operate in the same manner as appellees, and

that the arrangement of partition fences would not be important to such prospective purchasers. However, this would not make it improper for the owners to show the desirable and undesirable features of the farm, before and after the taking, in the use to which it was actually put—as a dairy farm operated under a five-year crop rotation plan. It would seem that real estate specially equipped for and successfully used for that purpose probably would have an equal or greater market value as a dairy farm than as a stock or grain farm. As stated in Ranck v. Cedar Rapids, 134 Iowa 563, 565, 111 N.W. 1027, 1028:

"* * * Generally speaking, the true rule seems to be to permit the proof of all the varied elements of value; that is, all the facts which the owner would properly and naturally press upon the attention of a buyer to whom he is negotiating a sale and all other facts which would naturally influence a person of ordinary prudence desiring to purchase. [Citations]

"In this estimation the owner is entitled to have the jury informed of all the capabilities of the property, as to the business or use, if any, to which it has been devoted, * * *."

Randell v. Iowa State Highway Commission, 214 Iowa 1, 10, 241 N.W. 685, 690, states: "If, then, the landowner may go to that length in explaining the good points of his property before the condemnation, why should he not also, after condemnation, show, within proper limitations, the detriments thereto produced by the condemnation? To the extent that a supposed purchaser will be attracted to the property by the good points brought out before condemnation, the same purchaser will be deterred from buying the property after condemnation because of the damages caused thereby. That being true, it is important to the owner that he, within proper limitations, be able to call the jury's attention to the undesirable conditions on the property brought about by the condemnation. Hubbell v. City of Des Moines (166 Iowa 581, 147 N.W. 908, Ann. Cas. 1916E 592), supra."

Among other decisions in accord with the foregoing are Wilson v. Fleming, 239 Iowa 718, 31 N.W.2d 393; Cory v. State, 214 Iowa 222, 242 N.W. 100. In the case at bar the overruling of the objections in question was not error.

258

■■ III. Appellant assigns error to the overruling of its objections to questions asked one of its expert valuation witnesses on cross-examination relative to the amounts paid him for his previous services in connection with the case and his anticipated charges for testifying. This court has held great latitude is allowed in the cross-examination of expert witnesses and a broad discretion is lodged in the trial court in such matters. Madsen v. Obermann, 237 Iowa 461, 468, 469, 22 N.W.2d 350, and citations. This rule has been held applicable to expert witnesses on valuation in condemnation cases. Wilson v. Fleming, 239 Iowa 718, 727, 31 N.W.2d 393; Hayes v. Chicago, R. I. & P. Ry. Co., 239 Iowa 149, 154, 30 N.W.2d 743, and citations.

Buttman v. Christy, 197 Iowa 661, 668, 669, 198 N.W. 314, goes so far as to hold the sustaining of objections to such questions propounded in the cross-examination of a handwriting expert, under the circumstances there present, was reversible error. However, the general rule appears to be that the court, in its discretion, may allow such cross-examination. Annotation in 33 A. L. R.2d 1170 to 1176.

We hold the overruling of appellant's objections in the case at bar was not an abuse of the discretion lodged in the trial court.

■ IV. Appellant complains of alleged improper and inflammatory remarks made by counsel for appellees in argument to the jury. Appellees contend the statements were within the fair scope of the record and were not improper. It appears the court was present during the argument and that no objections to any of such statements were made by appellant then or at any time during the trial. The first complaint of them was made in appellant's motion for new trial. See Connelly v. Nolte, 237 Iowa 114, 126 to 128, 21 N.W.2d 311.

However, we have considered the statements and have concluded the trial court did not err in overruling that ground of the motion for new trial.

We find no error which would entitle appellant to a reversal of the judgment.—Affirmed.

All JUSTICES concur.