DONALD H. NEWLAND et al., appellees, v. LINN COUNTY BOARD OF SUPERVISORS, et al., appellants.

No. 51264.

(Reported in 127 N.W.2d 625)

April 8, 1964.

Jack M. Fulton, Linn County Attorney, Timothy McCarthy and Gerard J. Glaza, Assistant County Attorneys, and Fisher & Pickens, all of Cedar Rapids, for appellants.

Robert C. Nelson and L. D. Dennis, both of Cedar Rapids, for appellees.

PETERSON, J.—Donald E. Dvorsky and his wife Bernice are the owners of a tract of 540 acres of land purchased by them under real-estate contract from the other plaintiffs. The farm is located in Linn County about one and one-half miles from the town of Center Point. It is what would be known as a stock and grain farm. The supervisors of Linn County decided to place a new road in the area, which road ran in a diagonal direction, partly through and partly on the easterly side of plaintiffs' farm. The sheriff's commission awarded plaintiffs $2450 and they appealed to the District Court. Upon trial, the jury returned a verdict in the amount of $6200. Defendants appeal.

I. For some years Mr. and Mrs. Dvorsky have been the owners of a 540-acre farm as above described. In connection with this decision we will denominate Mr. and Mrs. Dvorsky as plaintiffs. Plaintiffs had made considerable improvement on the farm in the form of clearing, and securing as much cropland as possible. Fundamentally the farm was what would be called a hill pasture farm which was covered by trees to the extent of about 400 acres. There were approximately 150 acres of cropland which were in the Cedar River valley and very fertile. There was a house and some outbuildings upon the farm which were not too good, but sufficient for the uses of the farm.

Defendants decided they would run a new roadway in the area in order to change the location of a bridge across the river. This roadway started at the southerly edge of the farm and ran along the east edge part of the way and then through a part of the farm to the north edge. The length of the roadway where

it crosses plaintiffs' property is 1536.7 feet and the width as established by defendants was 160 feet. In rebuilding the new roadway defendants established some rather deep borrow pits on each side of the road leaving a driveway of considerable width in the center, duly graveled. The actual land taken measures 5.36 acres. However, defendants cut off a small triangular piece in the northeast corner of the farm comprising 5.1 acres. The small piece which was cut off was of no value to plaintiffs for any farming purpose. The part taken by the roadway and the 5.1-acre tract comprised the best part of plaintiffs' farm. With the rebuilding of the road through the farm and the placing of the borrow pits on each side of the driveway considerable change was made in the farm drainage condition. The change was such as to become a distinct detriment to the farm.

Evidence was given by plaintiff Dvorsky as to the damage to his farm. Plaintiffs' witnesses were Messrs. George P. Witwer and Theo. G. Eicherly, real-estate men from Cedar Rapids, who had been engaged in real-estate business for approximately fifty years. Defendants offered the testimony of three witnesses. They were Mr. Carl E. Swanson, assistant engineer for Linn County; Mr. Robert W. Lehman, a professional farm manager and appraiser; and Mr. Weldon B. Wiley, who was associated with a real-estate firm in Cedar Rapids. The testimony of the witnesses as to the value of the farm before and after condemnation was as follows:

| Witness | Before Condemnation | After Condemnation |
|---------|--------------------|--------------------|
| Dvorsky | $38,000 | $25,000 |
| Eicherly | $38,000 | $30,000 |
| Witwer | $40,000 | $29,000 |
| Lehman | $31,600 | $30,081.45 |
| Wiley | $30,000 | $27,924 |

II.   The issues presented by appellants upon this appeal are:

(1) The error of the trial court in allowing the expert witness Theodore G. Eicherly to express an opinion on behalf of the appellees as to his before-condemnation valuation of the premises;

(2) The error of the trial court in reversing itself, after both parties had rested at the close of the evidence and without notification or other explanation to the jury, in excluding appellants' Exhibits A and B from consideration by the jury;

(3) The excessiveness of the jury verdict, based upon the whole record;

(4) The error of the trial court in preventing appellants from cross-examining the appellees' expert witness George P. Witwer with respect to his evaluation of a particular tract of the condemned land after the condemnation.

III. Appellants challenge the ability of the expert witness Theodore G. Eicherly as to expressing an opinion concerning the value of the farm before and after condemnation. Mr. Eicherly is a resident of Cedar Rapids and has lived there since 1922. He attended Coe College in Cedar Rapids and has been engaged in the real-estate business in the city continuously since said year. He has specialized in the sale of farm property for many years, not only in Linn County, but also in adjoining counties. He is a member of the Cedar Rapids Real-estate Board and is duly licensed as a real-estate broker by the State of Iowa.

Mr. Eicherly testified he was fully familiar with the farm in question and that he had known it for many years. He knew Doctor Newland who originally owned it and he also knew the Mathers who purchased it from Doctor Newland, and knew plaintiffs. He had passed the farm many times and had made a recent examination of the farm in connection with his testimony in the case at bar. He described in detail the portion of the farm of approximately 400 acres which was in timber pasture and the remainder of the farm which was in cropland. He described the cropland as very fertile. He described the soil as a black sandy soil in many places, of the Carrington variety, and the balance of the soil as of the Buckner variety which is a lighter soil. He testified: "My opinion is based on my most recent view coupled with my past knowledge of the farm." He testified he examined the farm on the Saturday before the trial of the case.

There is no question but what the record discloses complete capability on the part of the witness as to the value of farms in Linn County. The record also discloses his complete knowledge

with reference to the farm involved and with reference to the changes made under the condemnation. This assignment of error by appellants is without merit.

IV. Appellants allege the trial court committed reversible error when it first received into evidence Exhibits A and B which were photographs of the buildings, and later reversed itself. The buildings were not located upon any part of the land which was taken for road purposes. They were somewhat old, but were sufficient for this type of farm. When the exhibits were first offered it was the thought of the trial judge that sufficient evidence had been offered to properly identify them and that they should be admitted. When the parties had both rested, the court on its own motion decided that the photographs should not be admitted. Its statement was:

"The Court: I want this for the record, too. The court has previously admitted defendants' Exhibits 'A' and 'B', but the court will change his ruling on those exhibits and sustains the objection thereto for the reason that they were not properly **identified as to being** in the same condition at the time taken as of the date the land was condemned. And the court further makes the observation that these exhibits were not shown to the jury during the trial of the case."

In its instructions the court made no reference to the photographs.

If defendants desired an instruction as to the matter of the photographs they should either have offered an instruction to the court to give to the jury or should have excepted to the instructions. The defendants neither took exception nor asked for the instruction and they cannot now raise the objection on appeal. Rule 196, Rules of Civil Procedure.

Failure to admit the photographs was not reversible error.

V. Defendants contend the verdict of the jury in the amount of $6200 is excessive. The verdict was in excess of the testimony offered by defendants' witnesses, but it was far less than the testimony offered by plaintiffs' witnesses. Plaintiff testified his damage was $13,000; the witness Eicherly placed the damage at $8000; the witness Witwer placed it at $11,000. This

was the testimonial difference in the value of the farm before and after condemnation.

Unless there is a radical situation with reference to the amount of damages allowed by a jury in a condemnation case (for example, Mohr v. Iowa State Highway Commission, 255 Iowa 711, 124 N.W.2d 141), or unless the amount is such that it shocks the conscience of the court, or unless the amount is such that it is evidence of passion and prejudice, the amount of the verdict is peculiarly a question for the jury and neither the trial court nor this court should interfere. Hostert v. Iowa State Highway Commission, 250 Iowa 253, 93 N.W.2d 773, 775; Crist v. Iowa State Highway Commission, 255 Iowa 615, 632, 123 N.W.2d 424, 433.

The trial court has heard the evidence and observed the witnesses and is in an advantageous position to say whether the verdict of the jury is excessive. While the trial court's decision as to motion for new trial is not binding upon this court, it is entitled to weight. Hostert v. Iowa State Highway Commission, supra; Korf v. Fleming, 239 Iowa 501, 522, 523, 32 N.W.2d 85, 97, 3 A. L. R.2d 270.

On the basis of the complete record and all circumstances of the instant case the trial court did not commit error in approving the verdict of the jury.

VI. Appellants allege reversible error by reason of the trial court curtailing the cross-examination of an expert witness.

The examination and the basis for the alleged error was as shown in following cross-examination.

Defendants' attorney:

"Q. As a real-estate expert I think that—or could you give me your expert opinion as to how much that particular parcel of 38.82 acres, if no condemnation had occurred, how much this particular tract would sell for per acre?

"Mr. Nelson: That is objected to as being wholly incompetent, irrelevant and immaterial and improper cross-examination, and by no manner or means the proper measure of damages in a case of this nature.

"Mr. McCarthy: This evidence is introduced for the purpose of testing his expert qualifications.

"The Court: Would you read the question back, please?"

(The last question was read by the reporter.)

"The Court: I will sustain the objection."

We have said many times a trial court should not unduly curtail cross-examination of an expert witness. This is a valuable principle and we will not in any manner disturb it. See Dean v. State, 211 Iowa 143, 233 N.W. 36, and Wheatley v. Heideman, 251 Iowa 695, 710, 102 N.W.2d 343, 353. Appellants cite these two cases and many others. These two represent an older case (1930) and a recent case (1960).

Sometimes conditions arise in a particular case involving the question which contains exceptional conditions, and which might appear as an apparent error, but is nonprejudicial. We find such a condition in the case at bar, and we find a point of distinction between the instant case and the Dean case, supra.

After having asked the one question as outlined above, appellants did not in any manner attempt to question the witness as to any specific isolated tracts of the farm. If the matter had been important or material there are several angles from which it could have been approached. In view of our very definite and clear method of arriving at damages in condemnation cases, the question asked Mr. Witwer was not too important. A careful study of the record as to appellants' cross-examination of Mr. Witwer discloses a detailed and somewhat exhaustive cross-examination as to his qualifications to testify concerning the farm in general.

As shown by Judge Kindig's opinion in the Dean case, he was not fully convinced cross-examination as to the one question of the value of isolated parcels of the farm alone merited reversal. The court said at page 152 of 211 Iowa: "It is not our **thought** that the cross-examination here was limited by the district court to the extent of that in the Glassman case [166 Iowa 254], yet there was unnecessary curtailment. *Perhaps we might not reverse alone for the trial court's action in limiting the cross-examination here, but,* when that action is taken together with the error found in Division I, above, there is ample ground **for** a reversal." (Emphasis ours.)

We can say, as Judge Kindig did: "Perhaps we might not

reverse alone * * * in limiting the cross-examination". There was another error in the Dean case upon which to reverse. The other error was specific and definite.

The distinction as to the case at bar is that we find no other reversible errors. We find no other alleged mistakes by the trial court to support and fortify the nonprejudicial error as to cross-examination.

Finding no reversible errors the judgment of the trial court on the jury's verdict is affirmed.—Affirmed.

All JUSTICES concur except THOMPSON, J., who takes no part.