**Frank D. JONES and Adora Jones, Appellants,**

v.

**IOWA STATE HIGHWAY COMMISSION acting for and in Behalf of the State of Iowa, Appellee.**

**No. 54038.**

Supreme Court of Iowa.

April 9, 1971.

Rehearing Denied June 14, 1971.

———•———

Richard C. Turner, Atty. Gen., James R. Petersen, Sp. Asst. Atty. Gen., Ames, and Fisher, Pickens & Barnes, Cedar Rapids, for appellee.

John D. Randall and Timothy S. White, Cedar Rapids, for appellants.

RAWLINGS, Justice.

On condemnation appeal by plaintiffs to district court, trial jury awarded damages, and defendant's motion for a new trial was sustained, conditioned on remittitur from which plaintiffs appeal. They do likewise upon denial of applications for attorney fee allowance on this and a prior trial of the same case. We reverse in part, affirm in part.

In January 1963, defendant Iowa State Highway Commission initiated condemnation proceedings to acquire 12.7 acres of land owned by plaintiffs, including their home and other improvements, together with use of 7.1 acres for temporary borrow purposes. By amendment to its answer defendant later stated this borrow privilege would "terminate upon completion of the project and, in no event, later than December 31, 1967."

Plaintiffs have at all times remained in possession of the 12.7 acre tract pursuant to provisions of The Code 1966, Section 472.26. Defendant has, however, made apparent use of the borrow.

First trial resulted in a verdict of $68,750 for plaintiffs from which defendant appealed. This court reversed and remanded for new trial. 259 Iowa 616, 144 N.W.2d 277 (1966).

Thereafter plaintiffs sought and were granted leave to take interlocutory appeal prior to retrial. We subsequently held adverse to them. 261 Iowa 1064, 157 N.W.2d 86 (1968).

Second trial on the merits, from which this appeal is taken, commenced September 23, 1968, and resulted in a $77,500 award. Defendant thereupon moved for a new trial because of alleged improper conduct on the part of plaintiffs' counsel. The court thereupon ordered plaintiffs file remittitur to $60,000, otherwise defendant's new trial motion to stand sustained. Plaintiffs elected to rest on the verdict and appealed.

As aforesaid they also take separate appeal from trial court's order holding premature any award of attorney's fee on both this and the prior trial.

I. We shall first direct our attention to the conditional new trial order.

Plaintiffs' attorney attempted to introduce evidence disclosing the borrow area had not been restored prior to December 31, 1967. Upon defendant's motion, by order in limine, trial court prohibited subsequent reference thereto. Plaintiffs' counsel thereafter attempted to inject that issue into the case by testimonial reference and in jury argument. Instructions given by trial court directed the jury to give this subject no consideration in the determination of any damages awarded.

Additionally, in course of trial and argument, plaintiffs' attorney alluded to relative financial worth of the parties.

He also endeavored, by use of leading questions on cross-examination of a defendant called witness, to place in evidence value of other property regardless of comparability or relationship to the instant project.

Furthermore, plaintiffs unsuccessfully attempted, by offer of proof, to show a decline in purchasing power of the dollar from time of comparable sales shown to date of trial.

And an effort was made by plaintiffs' counsel to divulge the damage award allowed on first trial of this case.

Then in jury argument, counsel for plaintiffs stated "legal technicalities" and trial court rulings prevented the jury from having benefit of all the facts.

As aforesaid, defendant successfully urged a new trial be ordered because of the foregoing.

II. On appeal plaintiffs take the position their attorney's conduct was not improper, or in no event prejudicial, and trial court erred in ordering a new trial absent remittitur as directed.

■ By way of exclusion, it is not for us to instantly consider any errors in course of trial here asserted by plaintiffs.

As stated in Herman & Marks v. Hass, 166 Iowa 340, 342–343, 147 N.W. 740, 742:

"The appellant in argument assigns a number of alleged errors committed upon the trial which it contends were prejudicial to it upon such trial. However, such errors, if any, are not available to the plaintiff as appellant on this appeal. Errors committed against it on the trial of the case were all cured by the verdict in its favor. Having won the verdict, all errors, if any, proved nonprejudicial to it. The only grievance which it now has in the subsequent order of the court granting a new trial. It is from such order alone that it could appeal. The order granting a new trial cannot be as-

sailed by the appellant upon the mere ground that the trial court committed errors against it upon the trial."

Cf. Schrader v. Sioux City, 167 N.W.2d 669, 672–673 (Iowa).

III. Turning now to the subject at hand this court stated in Oldsen v. Jarvis, 159 N.W.2d 431, 436 (Iowa):

"We have held many times the trial court has considerable discretion in determining whether alleged misconduct of counsel, if there was such, was prejudicial. We will not interfere with its determination of such a question unless it is reasonably clear the discretion has been abused. (Authorities cited)."

So the basic question before us is whether there is such a showing, trial court abused its discretion in sustaining defendant's new trial motion, as to dictate a reversal.

■ IV. Abuse of discretion has been held to mean, no discretion to do what was done. A trial court has wide discretion in the matter of granting or denying a motion for new trial. It is a legal discretion, exercisable for sound judicial reasons. Verdicts should not be set aside lightly and the court, in granting a new trial, must be sure there exists sufficient cause to support the exercise of such discretion. A litigant is entitled to a fair trial, but only one. In re Estate of Springer, 252 Iowa 1220, 1236, 110 N.W.2d 380; Jacobsen v. Gamber, 249 Iowa 99, 101–102, 86 N.W.2d 147; Best v. Yerkes, 247 Iowa 800, 810, 77 N.W.2d 23. See also Perry v. Iowa State Highway Commission, 180 N.W.2d 417, 423 (Iowa). Cf. Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 1385–1386, 137 N.W.2d 310.

We also said, in Hall v. West Des Moines, 245 Iowa 458, 463, 62 N.W.2d 734:

"Whether the trial court has the power to order a new trial unless it can point to something in the record supporting its view a fair trial was not had we

need not decide. * * * We think sufficient appears in the case at bar to justify the exercise of the court's discretion in favor of another trial. It is not necessary that there be reversible error; if such were the rule, the inherent power of the court to correct a failure of justice would be meaningless. Nor can we agree with plaintiff's counsel a new trial should not be granted because it would mean only submission of substantially the same evidence to another jury. We cannot say the evidence will be the same; and if we could, we cannot say the second jury will be swayed by what the trial court considered the same improper considerations or will fail to respond truly to the case before it. To hold with this contention would be again to nullify the right and duty of the court to grant new trials in these situations."

V. It is, of course, understood plaintiffs' damages were to be determined as of the taking date. In re Condemnation of Land (Johnson County), 256 Iowa 43, 54, 126 N.W.2d 311. See 4 Nichols on Eminent Domain, § 12.23.

And compensation to which plaintiffs are entitled, for a partial taking, is the difference between fair market value of their entire tract of land immediately before and immediately after condemnation without regard to resultant benefit or betterment. Powers v. City of Dubuque, 176 N.W.2d 135, 138 (Iowa); Townsend v. Mid-America Pipeline Co., 168 N.W.2d 30, 33 (Iowa).

VI. As previously revealed, the issue in a condemnation appeal is confined to damages awardable for the property or rights therein taken as of that time. But there could instantly have been no means by which to evaluate an unexpired terminable usage of the borrow tract subsequent to December 31, 1967. Resultantly evidence relative thereto, after that time, served to inject issues into the case too speculative for determination with any reasonable degree of certainty.

On the other hand, defendant's apparently unavoidable failure to restore the borrow area to plaintiffs by December 31, 1967, should not deprive them of any subsequent right to redress. The remedy in that regard, however, would appear to be by a separate action in tort, contract, or other appropriate proceeding. See Kukkuk v. City of Des Moines, 193 Iowa 444, 449–452, 187 N.W. 209; Guinn v. Iowa & St. L. Railway Co., 125 Iowa 301, 304, 101 N.W. 94; Doud v. Mason City & Ft. D. Ry. Co., 76 Iowa 438, 41 N.W. 65; Miller Trustee, et al. v. Keokuk & Des Moines Ry. Co., 63 Iowa 680, 685, 16 N.W. 567; 4 Nichols on Eminent Domain, §§ 12.231(2), 14.245; 43 Iowa L.Rev. 191, 213; 29A C.J.S. Eminent Domain § 142; 27 Am.Jur.2d, Eminent Domain, § 351; cf. Gear v. C. C. & D. R. Co., 43 Iowa 83, 85.

VII. For reasons stated above it is to us apparent repeated reference by plaintiffs' counsel to the fact defendant had not restored the borrow land to plaintiffs was irrelevant and improper.

Had comments or evidence in that direction been forthcoming, absent timely and proper objection, it would not be a matter of any consequence on appeal. See Volkswagen Iowa City, Inc. v. Scott's, Inc., 165 N.W.2d 789, 794–795 (Iowa).

That, however, is not our situation. Instantly proper and timely objections were interposed upon plaintiffs' first attempt to inject the non-restoration borrow issue into the case. Thereupon the previously noted limine order issued.

Although plaintiffs' attorney may have disagreed therewith it was improper for him to either ignore or violate it. See Baysinger v. Haney, 261 Iowa 577, 586–588, 155 N.W.2d 496.

Be that as it may, we are satisfied trial court effectively dissipated prejudice, if any, resulting from heedless reference by

plaintiffs' attorney to the unrestored borrow tract by instruction 14, which states in relevant part:

"With respect to the 7.1 acres upon which defendant took an easement for the purposes of using such area as a source of 'borrow', or as a 'borrow area', you are instructed that the term 'borrow' means that the defendant had the right to remove from such area material to be used in the construction of the project, but that the title in the area remains with the plaintiffs.

"The terms of this easement provide that the easement would terminate at the completion of the project, but in no event later than December 31, 1967, and that before such area was returned to the plaintiffs four inches of topsoil would be spread upon the area, and the area bladed as smooth as possible by machine methods.

"The project has not been completed, however, and the area was not returned to the plaintiffs on or before December 31, 1967, but in your consideration of this case you shall give such fact no consideration whatsoever, holding it against neither party, as such delay is * * * not the fault of the plaintiffs or defendant."

For reasons stated, *infra*, there is to us no basis upon which to conclude other than that this instruction was accorded all due consideration by the jury.

VIII. In course of jury argument plaintiffs' attorney also made some reference, as previously disclosed, to relative financial resources of plaintiffs and defendant commission.

That was unquestionably improper and statements of like nature have been repeatedly condemned by this court. Hackaday v. Brackelsburg, 248 Iowa 1346, 1352–1353, 85 N.W.2d 514; Connelly v. Nolte, 237 Iowa 114, 124–126, 21 N.W.2d 311; cf. Perry v. Iowa State Highway Commission,

180 N.W.2d 417, 422–423 (Iowa); Welton v. Iowa State Highway Commission, 211 Iowa 625, 635–636, 233 N.W. 876. See also 5A C.J.S. Appeal & Error § 1713; 53 Am.Jur., Trial, § 499; Annot. 32 A.L.R.2d 9, 35.

Appropriate at this point, however, is the statement in Connelly v. Nolte, *supra*, at 237 Iowa 125, 21 N.W.2d at 317, quoting Withey v. Fowler Co., 164 Iowa 377, 391, 145 N.W. 923: " 'Jurors must be given the credit of ordinary common sense and honest purpose to dispose of questions submitted to them upon the evidence under the instructions given by the court, * * *.' " Accord, Baysinger v. Haney, *supra*, at 261 Iowa 582, 155 N.W.2d 496.

Instantly the record reveals trial court, by instructions 5 and 24, cautioned the jury it was to decide the case as though both parties were individuals, indulging no inferences or presumptions against defendant commission. See Iowa Uniform Jury Instructions 14.2.

Again, it is assumed the jury at all times heeded and complied with the instructions so given.

■ IX. Ordinarily conduct on the part of plaintiffs' attorney, such as above set forth, would constitute reversible error. In other words, when error appears prejudice will be presumed unless the contrary is affirmatively disclosed. Bailey v. Chicago, Burlington & Quincy Railroad Co., 179 N.W.2d 560, 567 (Iowa); Bellew v. Iowa State Highway Commission, 171 N.W.2d 284, 291 (Iowa); Rutten v. Investors Life Ins. Co. of Iowa, 258 Iowa 749, 758, 140 N.W.2d 101; see State v. Levy, 160 N.W. 2d 460, 467–468 (Iowa).

X. Iowa Rules of Civil Procedure, 344(f) (3), states: "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties."

This rule was considered in Vojak v. Jensen, 161 N.W.2d 100 (Iowa), and we there said at 105–106:

"The granting of a new trial is largely discretionary, and an order either granting or refusing one will be set aside only upon a clear showing of abuse of such discretion. 39 Am.Jur., New Trial, section 141, page 148; Rule 344(f), (3), and (4), Rules of Civil Procedure; Grant v. Thomas, 254 Iowa 581, 584, 118 N.W.2d 545, 547, 548; Coleman v. Brower Construction Company, 254 Iowa 724, 731, 119 N.W.2d 256, 260; Smith v. Ullerich, supra, 259 Iowa 797 at page 807, 145 N.W.2d 1 at page 6; 35 A.L.R. 2d, Annotations, 311. We are more reluctant to interfere with the granting of a new trial than with its refusal. Rule 344(f), (4), R.C.P.; Schneider v. Keokuk Gas Service Company, 250 Iowa 37, 42, 92 N.W.2d 439, 442; Hahn v. Graham, 256 Iowa 713, 722, 128 N.W.2d 886, 891."

So the ultimate question posed is whether trial court abused its discretion in ordering a conditional new trial under existing circumstances.

XI. In that regard, unless it appears probable a different result would have been reached but for claimed misconduct of counsel for the prevailing party, a court is not warranted in interfering with the verdict. See Andrews v. Struble, 178 N.W.2d 391, 402 (Iowa); Sandman v. Hagan, 261 Iowa 560, 572, 154 N.W.2d 113; Connelly v. Nolte, 237 Iowa 114, 130, 21 N.W.2d 311.

As already pointed out, (1) the initial taking, from which this case stems, occurred in 1963; (2) the first trial resulted in an award of $68,750 to plaintiffs; (3) on second trial, from which appeal is now taken, a $77,500 verdict was returned. That means the present eight year old case has been twice tried to different juries with approximately the same result.

Moreover the award in the instant case was within the range of trial testimony. It cannot therefore be characterized as excessive. See Townsend v. Mid-America Pipeline Co., 168 N.W.2d 30, 33–34 (Iowa). And this is a factor to be considered in determining whether prejudice resulted from the unprofessional conduct of plaintiffs' attorney.

As we said in Baysinger v. Haney, *supra*, at 261 Iowa 577, 583, 155 N.W.2d 496,

"Where each of two trials has resulted in a verdict for the same party, the error which will justify reversal and a third trial must be such as to demonstrate a failure of justice will occur if we do not again interfere. McKlveen v. Townley, 233 Iowa 328, 331, 7 N.W.2d 186, 187 and citations."

See also Newland v. Linn County Board of Supervisors, 256 Iowa 424, 429–430, 127 N.W.2d 625; Crist v. Iowa State Highway Commission, 255 Iowa 615, 631–632, 123 N.W.2d 424; Stoner v. Iowa State Highway Commission, 227 Iowa 115, 120–122, 287 N.W. 269.

Instantly there is no plausible basis upon which to assume a materially different result would be forthcoming upon a third trial of this case.

XII. For all the reasons set forth above, we conclude and now hold the grant of a new trial upon defendant's application was improper. By the same token it was error to order remittitur.

Other elements involved in the trial of this case, heretofore set forth, though disapproved, have been duly considered but found to be relatively innocuous and not of such nature as to alter the foregoing result.

XIII. An examination of the record discloses trial court commendably endeavored to conduct a proper and fair trial under what can only be characterized as trying conditions.

In the same vein, our holding, *supra,* is largely attributable to the fact, a conscientious jury aided by trial court's well prepared instructions, was apparently able to disregard conduct on the part of plaintiffs' attorney, which must be and is disapproved.

XIV. Next to be considered is plaintiffs' appeal from trial court's refusal to fix and award attorney's fees in connection with both the first and second trials.

There is no need to belabor this matter.

In refusing to act on these applications the trial court, citing Code § 472.33 and Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 115 N.W.2d 695, said:

"It is the amount *ultimately* recovered which determines whether attorney's fees may be allowed, and the amount thereof. It will be after this case is finally disposed of, by the Supreme Court or by a new trial, that the ultimate recovery can be determined. Until then, this Court has no basis on which to make a determination of fees * * *." (Emphasis supplied).

We find no reason to disagree with that statement. See also Frost v. Cedar County Board of Supervisors, 163 N.W.2d 432 (Iowa); In re Condemnation of Certain Lands, 261 Iowa 146, 154, 153 N.W.2d 706; 30 C.J.S. Eminent Domain §§ 386, 442; 27 Am.Jur.2d, Eminent Domain, § 476.

XV. Under existing circumstances this case must be (1) reversed as to the order for a new trial and remanded with instructions that the verdict award be reinstated, (2) affirmed on trial court's refusal to entertain plaintiffs' applications for premature allowance of attorney fees.

Costs attendant upon this appeal are taxed one-fourth to plaintiffs, three-fourths to defendant. See Court Rule 23.

Reversed in part, affirmed in part and remanded with instructions.

All Justices concur, except STUART, J., who dissents and REES, J., who takes no part.